## GRIFFIN GROCERY COMPANY *v.* REEVES.

Where the range of the evidence was largely, if not entirely, confined to one of the issues presented by the defendant's answer, and as to this issue the evidence, though conflicting, was sufficient to sustain the verdict, a new trial will not be granted because of an inapplicable instruction, not calculated to prejudice the contention of the losing party as to such contested issue, or mislead the jury in solving the only issue made by the evidence.

Submitted July 18, 1906.—Decided February 16, 1907.

Complaint. Before Judge Reagan. Pike superior court. October 2, 1905.

The Griffin Grocery Company alleged, in its petition, that B. F. Reeves was indebted to it in the sum of $218.32, besides interest, on three checks in its favor, drawn by him on the New South Savings Bank of Barnesville, which that bank had declined to honor on due presentation for payment. In his answer the defendant admitted the execution of the checks, but averred that he gave them under the following circumstances: A. G. Janes, the traveling representative of the plaintiff company, came to the defendant's store on the dates the checks were executed, and requested him to accept cash to the amount represented by the checks, as a matter of convenience to him (Janes), and to issue checks therefor drawn on the New South Savings Bank. Janes represented that it was not safe for him to carry the money on his per-

son, and requested that he be thus accommodated by the defendant, as had been frequently done in the past; and defendant complied with the request, without any benefit or consideration moving to him.    It was understood between Janes and himself that he was to deposit the money in the New South Savings Bank, in order to meet the checks on presentation there, and defendant took the money to that bank and deposited it with the assistant cashier, explaining to him that this fund was to be held by the bank solely for the purpose of paying the checks, payable to the Griffin Grocery Company, which defendant had given to its representative.    The defendant owed that company nothing, and fully complied with the terms of the bailment; and if the money was lost to the company, he was in no way responsible for the loss.    At the time the checks were given, he had on deposit in the bank sufficient sums with which to pay them, and the checks would have been paid had they been presented to the bank within a reasonable time.    But subsequently the New South Savings Bank suspended active business, and within a few days thereafter was formally placed in the hands of a receiver.    When defendant made the special deposit above referred to, he had no knowledge that the bank was in a bad financial condition, and he was in no wise responsible for its subsequent failure.    Prior to the bringing of this action, the plaintiff repeatedly acknowledged that the defendant was not responsible for any loss, and the plaintiff brought suit against the Third National Bank of Atlanta and the receivers of the Peoples Bank of Barnesville, alleging that the failure to collect the checks was due to the negligence of the banks to which they had been turned over for collection.    And the plaintiff, without consulting or procuring the consent of defendant, went into court as a creditor of the New South Savings Bank, and was paid by the receiver $71.09 as its pro rata share of the fund distributed by the court to creditors of that bank, thus acknowledging the bank as its debtor on these checks.    The New South Savings Bank was open and doing regular business for several days after the checks were given, and there was ample time for them to have been presented for payment before the bank suspended business.    They were in fact presented for payment and recognized as paid by the Barnesville Savings Bank, to which they had been sent for collection, before the bank on which they were drawn suspended payment.    The checks, upon

presentation, were charged up to defendant and placed on the "paid file," where they remained as his property until after the Barnesville Savings Bank had been declared insolvent and had suspended business, when they were, without his consent, returned to the representatives of that bank by the assistant cashier of the New South Savings Bank, in their mutilated condition, caused by the piercing of the "paid file.". The checks had never been protested up to this time, and the defendant had received no notice of any irregularity in the handling thereof.

The case was submitted to a jury, upon evidence introduced by the respective parties to the controversy, and a verdict in favor of the defendant was returned. The plaintiff presented a motion for a new trial, complaining that the verdict was unwarranted by the evidence and contrary to specific instructions given in charge to the jury, and also assigning error on the following charge: "If, between the time of the drawing of the checks and the presentation of them at the bank for payment, if the bank failed, if there was reasonable time in which they could have been presented, and if the defendant lost thereby, he would be discharged to the amount of the loss." The criticism made upon this charge is that there was no evidence that the New South Savings Bank failed between the time the checks were drawn and the time they were presented, but the evidence was that the bank failed a week or ten days after the checks were presented for payment. The court declined to grant another trial, and the judgment overruling the motion is brought under review.

*Robert T. Daniel*, for plaintiff.

*Persons & Persons* and *John F. Redding*, for defendant.

EVANS, J. (After stating the facts.) The battle before the jury was fought on the plea of payment. On this plea the evidence was conflicting, but was sufficient to uphold this defense. There was no evidence to the effect that the drawee bank had failed before presentation of the checks. On the contrary, it was undisputed that the bank continued business for some ten days subsequent to the time when the plaintiff contended it presented the checks for payment and payment was refused, and the time when the defendant contended the checks were actually paid. Under the circumstances of this case it is not reasonable to suppose that the jury was confused or misled by the charge complained of in

the motion, and set out in the statement of facts. The verdict is approved by the trial judge, is supported by evidence, and should not be vacated because of an inapplicable instruction which most probably did not affect their finding.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent, and Beck, J., disqualified.*