FLETCHER *v.* FLETCHER, administratrix.

LUMPKIN, J.   1. In an action to recover land both parties claimed under a common source of title.   The plaintiff had a deed from the common source.   The defendant claimed under an alleged conveyance from such person to his son and by conveyances under the son; and also pleaded that such owner had informed the defendant that he had given the land to his son, that the son conveyed the land to other persons, that the defendant, relying upon the statements so made, purchased for value from such third parties, and that the original owner and the plaintiff, who claimed under a subsequent conveyance with notice of the fact, were estopped.   On the subject of the plea of estoppel, there was evidence pro and con.   The defendant testified, that the original owner had stated that he had given the land to his son, but requested the defendant not to purchase it from the son, as the latter would waste the proceeds; that therefore defendant did not buy from the son, but the latter sold it to other persons, and the defendant bought from them without notice of any defect in the title.   In charging on the subject·of estoppel, the presiding judge instructed the jury that if the original owner of the land stated to the defendant that he had ·given it to his son, and the circumstances were such as to lead a reasonable man to think that the defendant would probably act upon those statements, and the defendant did buy the land from the son, acting upon the faith of the statement so made, the original owner would be estopped, and the subsequent purchaser under him would likewise be estopped.   No charge was given as to the effect of the sale by the son to third persons and by them to the defendant.   *Held,* that the charge was not adjusted to the plea of estoppel and the evidence adduced by the defendant in support of it.

2. The judgment of the trial court is reversed for the reason indicated in the preceding headnote alone.   None of the other grounds of the motion for a new trial were such as to require a reversal.

                    *Judgment reversed.   All the Justices concur.*

APRIL 18, 1910.

Ejectment.   Before Judge Whipple.   Irwin superior court.   January 14, 1909.

*Graham & Graham* and *L. Kennedy,* for plaintiff in error.

*McDonald & Quincey* and *Haygood & Cutts,* contra.