## BOSTICK *et al. v.* FARMERS SUPPLY COMPANY.

PER CURIAM. The plaintiff brought an equitable petition against Robert Bostick and his wife, Beulah Bostick, alleging as follows: Robert Bostick is indebted to the plaintiff in a stated sum, for which he gave a promissory note, and to secure the payment of the note he executed a mortgage upon described real estate. At the time of the execution of the mortgage, he did not have title to the property, but was in possession of it and owned an equity therein. The legal title to the property was in one Webb, and Bostick caused Webb to convey the title to a named bank to secure the payment of a loan which Bostick had obtained from the bank. The bank, at the time of taking the deed from Webb, executed a bond for title to Robert Bostick, conditioned to convey the property to him upon the payment of his debt to the bank; and Bostick was the owner and holder of the bond for title at the time of executing the mortgage to the plaintiff, and was in possession of the property. Subsequently Bostick transferred the bond for title to his wife. This transfer was without consideration, and was made for the purpose of hindering, delaying, and defrauding the plaintiff. Thereafter Mrs. Bostick surrendered the bond for title to the bank, and the bank executed to her a conveyance of the property. The consideration of the transfer made by the bank to Mrs. Bostick was paid by Robert Bostick, who is insolvent. The prayers were, to establish a lien claimed by the plaintiff, to have its priority decreed, to have the title to the property decreed to be in Robert Bostick, for general judgment, and for injunction. The contention of the defendants was, that Mrs. Bostick's money had paid for the property, Robert Bostick having bought it for her, but that he took the bond for title to himself, though he was merely the agent for Mrs. Bostick in the transaction; that he had subsequently, in good faith, transferred the bond for title to her; that it should have been taken to her at the first; that the legal title had never at any time been in Robert Bostick; that he has never been in possession, but resided on the land with his wife. The mortgage contained the following clause: "Robert Bostick, of Lowndes County, hereby mortgages to said Farmers Supply Company, assigns or holders of said note, the following property: . . this being the place where Robert Bostick now resides. . . This mortgage

is made subject to a deed made to the Bank of Hahira," etc. The court, among other things, charged the jury that if Mrs. Bostick loaned the money to her husband to purchase the property, and he did purchase it for himself, taking the bond for title in his own name pursuant to an agreement to do so, and then afterwards executed the mortgage as recited in the foregoing statement of facts, "the mortgage having been executed upon the equity of redemption," and having been recorded before the transfer of the bond for title, the mortgage would take precedence over the bond, and the plaintiff would be entitled to recover. This was excepted to upon the ground that it was an incorrect statement of the issues. *Held*, that the exception to the charge is well taken. It was not authorized by the pleadings and the evidence. The issue whether the wife loaned the husband money with which to buy the property, agreeing that he should take the title and the bond for title in his own name, was not made in the case.

*Judgment reversed. All the Justices concur.*

No. 66. FEBRUARY 15, 1918.

Equitable petition. Before Judge Thomas. Lowndes superior court. December 16, 1916.

*Dan. R. Bruce,* for plaintiffs in error.

*Woodward & Smith,* contra.