### VARN *v.* BLOODWORTH *et al.*

1. The court did not err in stating the contention of the plaintiff, as set out in the first ground of the amendment to his motion for new trial, for any of the reasons assigned. If the judge charges clearly and fairly the law applicable to the issues involved in the case, his failure to formally state the contention of a party, or immaterial inaccuracies in his statement of such contention, will not require the grant of a new trial, on the ground that the same is not adjusted to the pleadings and evidence; aliter if an instruction on the law is inapplicable to a vital issue in the case.

2. The court did not err in giving the instruction set out in the second special ground of the motion for new trial.

3. An instruction, that "the mortgage held by Mrs. Bloodworth is older in date than the mortgage held by G. W. Varn, and is recorded first; and if the transaction was bona fide and free from fraud and for a valid and real consideration, the defendant in this case is entitled to prevail," if not erroneous because it is a judicial expression of opinion upon the evidence, was nevertheless erroneous because it deprived plaintiff of the benefit of his contention that the mortgage from the husband to the wife was antedated, a fact the existence or non-existence of which was important in determining the bona fides of the transaction between the husband and wife, resulting in the execution of her mortgage, and in establishing the wife's knowledge of the existence of the plaintiff's mortgage when her mortgage was executed and delivered.

4, 5. The charges complained of in the fourth and fifth grounds of the amendment to the motion for new trial were erroneous for the reasons assigned by the movant.

6 The court erred in failing to give in charge to the jury the principle of law enunciated in the sixth ground of the amendment to the motion for new trial, the same being a correct principle of law and applicable to one of the issues in the case, and not being covered by the general charge, though there was no request for such instruction.

No. 3914. JANUARY 17, 1924.

Equitable petition. Before Judge Dickerson. Berrien superior court. July 14, 1923.

G. W. Varn filed his equitable petition against J. W. Bloodworth and his wife, I. A. Bloodworth, and made this case: About Dec. 1, 1920, the J. M. Parrish Company, a corporation, sold to the husband a certain stock of merchandise for a certain consideration, $6000 of which was borrowed by him from the Citizens

Bank of Ray City on his individual note. In January, 1921, at the special request of Bloodworth, petitioner indorsed said note as an accommodation indorser. On June 4, 1921, Bloodworth renewed said note by executing three notes for $2000 each, due Nov. 1, 1921, Dec. 1, 1921, and Jan. 1, 1922, respectively, with 8 per cent. interest from date. Petitioner, at the request of Bloodworth, indorsed said notes as an accommodation indorser. On June 17, 1921, Bloodworth executed to petitioner a certain mortgage on his stock of merchandise and fixtures. At the time said mortgage was executed Bloodworth requested petitioner not to place the same on record, as it would injure his credit and cancel the insurance on his stock of goods. For this reason petitioner failed and neglected to record said mortgage until Jan. 24, 1922. The wife knew of the execution of said mortgage, and that the same had not been paid off. On Jan. 16, 1922, the wife had recorded a mortgage from her husband to her on the same stock of goods, purporting to bear date of Dec. 7, 1920, and made to secure an indebtedness of $5000, evidenced by her husband's note due Dec. 7, 1922. At the time of the execution of the mortgage from the husband to the wife the husband was, and is now, insolvent. The mortgage from the husband to the wife is a fraudulent transaction made to defeat petitioner's security, and is void as against petitioner. Said three $2000 notes were renewed by the husband with the wife's knowledge—one dated Nov. 14, 1921, due May 14, 1922; one dated Nov. 17, 1921, due May 17, 1922; and one dated Jan. 2, 1922, and due April 2, 1922. These renewal notes were indorsed by petitioner with the express understanding that the mortgage executed by Bloodworth to petitioner should secure said renewal notes, which agreement was known to the wife. Petitioner fears that the wife may transfer her mortgage to a third person and thereby seriously impair his rights under his mortgage on said stock of goods. Except for fraud which petitioner charges against Bloodworth, he could not foreclose until the renewal notes became due. Bloodworth has no property which could be subjected to the payment of his obligations, other than said merchandise and a Ford automobile.

After the filing of said petition, said three notes for $2000 each became due and were unpaid. In 1923 Bloodworth, on an involuntary petition, was adjudged a bankrupt. Although the wife

now claims to have taken from her husband a mortgage on Dec. 7, 1920, oh said stock of goods to secure an indebtedness she asserts was owing her, she was present and heard the negotiations culminating in the execution to plaintiff of the mortgage he now seeks to foreclose, and was fully aware of his intention to take the same and of its execution and delivery; and yet she allowed petitioner to take said mortgage laboring under the impression that said stock of goods was unincumbered. She failed to disclose to plaintiff that she held such alleged mortgage from her husband to her. For this reason she is in law, equity, and good conscience estopped from asserting that her mortgage on said goods or the proceeds thereof is superior to that of plaintiff. He prayed that the wife be enjoined from transferring her mortgage; for a receiver to take charge of said merchandise; that the wife's mortgage be declared void as far as petitioner was concerned; that his mortgage be foreclosed on said merchandise; and that he have judgment in rem against said stock of goods for the principal and interest due on said three notes on which he is indorser.

The defendants in their answer alleged that the husband never at any time, so far as he knew, signed or delivered to plaintiff a mortgage on said stock of goods; that petitioner had the husband sign a mortgage which he neither read to the husband nor informed him of its contents, and the husband could not read and did not know the contents of the same, and at which time nothing was said by plaintiff to the husband or by the husband to plaintiff about not recording said mortgage, the husband not knowing the effect of not recording such an instrument. The wife knew absolutely nothing of the signing of such paper to the plaintiff, because she was not present, and was not apprised of the same until about the time plaintiff had it recorded. They denied the allegations that the wife knew it was the intention of plaintiff to take a mortgage on said goods, and that with such knowledge she failed to notify him of her mortgage. They further alleged that the mortgage from the husband to the wife was made in perfect good faith, and to secure money furnished by the wife to the husband; that she got the money she loaned the husband by the sale of a house and lot she owned in Valdosta, Ga., and by money she borrowed. She loaned the husband $4000 to pay for the Green Bullard farm which the husband conveyed to

petitioner in payment of the purchase-price of said stock of goods, and she loaned him an additional $1000 which was used in paying for said stock of goods. The wife prayed that her mortgage be declared a first lien on said stock of goods. This stock of goods was sold by the receiver and the proceeds held subject to the final decree of the court fixing the priorities of these mortgages.

On the trial there was evidence for the plaintiff as follows: About Dec. 1, 1920, J. W. Bloodworth purchased from the J. M. Parrish Company, of which G. W. Varn, the plaintiff, was president and a stockholder, a stock of merchandise at Ray City, for a consideration of $14,000. He did not have all the money, and in order to pay the agreed price he borrowed from the Citizens Bank of Ray City $6000 on Dec. 4, 1920, for which he gave his note due June 4, 1921, and secured the same by a mortgage on the stock of goods, which was promptly recorded. When the note matured he was not prepared to pay it, and the bank took from him three renewal notes for $2000 each, due Nov. 1 and Dec. 15, 1921, and Jan. 2, 1922, respectively. Bloodworth found that the bank's mortgage of record injured his credit, and made it difficult for him to get insurance on the stock. In order to relieve this embarrassment, the bank agreed that if the plaintiff would indorse the renewal notes, they would cancel the mortgage, and carry them without further security. At the time the renewal notes were executed, or shortly thereafter, Varn indorsed them, upon Bloodworth's promise that he would execute to him a mortgage on the stock of goods to indemnify him against loss by reason of his undertaking as accommodation indorser; and the bank's mortgage was thereupon canceled. Bloodworth agreed to execute a mortgage in favor of Varn, upon the condition that he would not record it. All this was discussed between Varn and Bloodworth in the presence of the latter's wife, and she fully understood the agreement. Although she knew that it was Varn's intention to assume, by his indorsement, a liability of $6000 and take a mortgage on the stock of goods to indemnify him against loss, she made no objection to the arrangement and said nothing whatever about the existence of any mortgage or other lien in her favor on the property. At the time Varn indorsed the notes, they undertook, in Bloodworth's store and in the presence of his wife, to prepare the mortgage, but they could not use a blank

in the usual form, and it was suggested by an attorney, who had been requested to prepare it, that they give him the necessary data, and that he prepare it at his office at Valdosta and send it up for execution. This was agreed to, and still Mrs. Bloodworth said nothing about having a mortgage or other lien on the stock. The attorney prepared the mortgage, and a day or two later Varn took it to Ray City, and at the store informed Bloodworth, in the presence of his wife, that he had the mortgage and that he was ready for him to execute it. They went from the store directly to the bank, where it was executed by Bloodworth in the presence of a notary public, who attested it. Mrs. Bloodworth was not present when it was actually signed.

The defendants introduced evidence tending to prove the allegations of their answer, touching the execution of the mortgage from the husband to the wife, the loan of the wife's money to the husband, the sources from which she got it, her want of any knowledge of the negotiations which resulted in the execution by her husband to the plaintiff of a mortgage on his stock of goods on which she had a mortgage, her want of knowledge of any intention of her husband to execute said mortgage, her good faith in the premises, and lack of deception or bad faith on her part inducing the plaintiff to take from her husband his mortgage. In fact, in their briefs, counsel for the plaintiff say "the evidence was in conflict upon the material issues in the case." ·

The jury returned a verdict in favor of the wife. The plaintiff moved for a new trial on the general grounds. By an amendment to his motion he added the following grounds:

1. Because the court erred in charging the jury as follows: "The plaintiff does contend further that he took his mortgage upon the stock of goods, in the presence of Mrs. I. A. Bloodworth, and she didn't apprise him of the fact that she held a mortgage and was claiming a lien on the said stock of goods—in other words that she did not tell him about it, and that she is therefore estopped from undertaking to enforce her mortgage against the stock of goods as against his mortgage upon the said · stock of goods." Error is assigned upon this charge, on the ground (a) that it was misleading and erroneous, in that the plaintiff did not, as the record will show, contend that Mrs. Bloodworth was actually present when his mortgage was executed and delivered, but he

did contend that, if she was not present during a part or all of the negotiations which led to its execution, she knew it was his intention to accept a mortgage on a stock of goods which he thought was unincumbered, and yet failed to inform him that she held a prior mortgage thereon; (b) that it injected in the case an issue not made by the.pleadings and evidence, to wit, that Mrs. Bloodworth was present when the mortgage was actually signed and delivered by her husband; (c) that it deprived plaintiff of the benefit of his claim of estoppel based on the fact that she was aware of the negotiations culminating in the execution of said mortgage, knew he intended to accept it believing the property unincumbered, yet failed to notify him of her alleged lien; (d) that it was not adjusted to the pleadings and evidence.

2. Because the court erred in charging the jury as follows: "Mrs. Bloodworth denies that she was present and that she knew anything of the mortgage given by J. W. Bloodworth to G. W. Varn. These contentions are set out in the papers which you will have out with you and to which you can refer." The errors assigned on this charge are the same as those assigned on the charge set out in the first ground.

3. Because the court erred in charging the jury as follows: "The mortgage held by Mrs. Bloodworth is older in date than the mortgage held by G. W. Varn, and is recorded first; and if the transaction was bona fide and free from fraud and for a valid and real consideration, the defendant in this case is entitled to prevail." The errors alleged are: (a) that it was a direct expression of opinion on the part of the court that the mortgage from the husband to the wife was actually executed and delivered on Dec. 7, 1920, prior to the execution and delivery of plaintiff's mortgage; (b) that it deprived plaintiff of the benefit of his contention that the mortgage from the husband to the wife was antedated, which was important to show bad faith, fraud, and collusion between them, and to establish knowledge of Mrs. Bloodworth of plaintiff's mortgage when hers was executed and delivered; (c) that it withdrew from the consideration of the jury the issue as to whether the mortgage of the wife was in fact executed and delivered on Jan. 14, 1922, and antedated as contended by plaintiff.

4. Because the court erred in charging the jury as follows: "In the case before you, if Mrs. Bloodworth was present at the

time Mr. Varn took his mortgage, and she at that time held a mortgage herself, and she misled Mr. Varn as to the existence of her mortgage, she would be, if you determine that she was and did,—she would be estopped from enforcing her mortgage to his injury, as that would constitute such a fraud as would estop her. If she was not present at the time, she would not be estopped." ·The errors alleged are stated in the opinion, infra.

5. Because the court erred in charging the jury as follows: "Now, gentlemen, the sole question for you to decide in the case before you is whether or not the transaction between Mr. Bloodworth was free from fraud, fair and bona fide; if he owed his wife the debt, he had the right to secure her just the same as he would with any other creditor; on the other hand, if you find from the evidence in the case that this .conveyance was fraudulently made and that they antedated it, it would be your duty to set it aside as a fraudulent conveyance." Error is assigned on this charge, on the grounds (a) that it made it incumbent upon plaintiff to satisfy the jury that the mortgage to Mrs. Bloodworth was both fraudulent and antedated; (b) the mortgage to the wife, if fraudulent, was void and unenforceable as against plaintiff, whether antedated or not; (c) if it was actually executed and accepted by the wife on Jan. 14, 1922, and she then had knowledge of the existence of plaintiff's mortgage, she was not entitled to prevail, though the jury may have believed her mortgage was made to secure a bona fide existing debt.

6. Because the court failed to instruct the jury that if they should find from the evidence that Mrs. Bloodworth was present and heard a part or all of the negotiations which led up to and culminated in the execution and delivery of the mortgage from J. W. Bloodworth to plaintiff, and knew that plaintiff was about to accept a mortgage on the stock of goods, believing there was no encumbrance thereon, and yet failed to inform him of the existence of the mortgage upon which she relies, she would in equity be estopped from setting up and enforcing her mortgage and from insisting that it was a prior lien on the stock of goods. That question was directly made by the pleadings and the evidence, and it was the duty of the court to give the jury any appropriate instruction upon it.

The court overruled the motion for new trial, and error was assigned upon this ruling.

*R. A. Hendricks, G. E. Simpson,* and *E. K. Wilcox,* for plaintiff.

*J. D. Lovett* and *John P. & Dewey Knight,* for defendants.

HINES, J. (After stating the foregoing facts.)

1. We do not think that the instruction complained of in the first ground of the plaintiff's amendment to his motion for new trial is subject to the criticisms therein made. The language, that "The plaintiff does contend further that he took his mortgage upon the stock of goods, in the presence of Mrs. I. A. Bloodworth," could not have led the jury into believing that the plaintiff's contention was that the wife was actually present when his mortgage from her husband was executed and delivered. The language, "he took his mortgage upon the stock of goods, in the presence of" the wife, cannot be fairly held to mean that she was actually present and witnessed the signing of the instrument by her husband and its delivery to plaintiff. For the same reason, this charge did not inject into the case the issue whether or not the wife was present when the plaintiff's mortgage was actually signed and delivered by the husband. Nor did this instruction deprive the plaintiff of his claim of estoppel, based upon the fact that the wife knew of the negotiations between the plaintiff and her husband, which culminated in the execution of the former's mortgage, that the plaintiff intended to accept his mortgage, believing that the property was unincumbered, and that the wife, under these circumstances, failed to notify the plaintiff of her mortgage. Any infelicity in the language of the trial judge, in stating the contention of the plaintiff, was cured by his subsequent instruction to the jury, that the contentions of each of the parties were set out in the pleadings, and that the jury could look to the pleadings for their contentions.

The really important thing is for the judge to charge clearly and fairly the law applicable to the issues involved. If he does this, his failure to formally state the contentions of a party, or immaterial inaccuracies in his statement of such contentions, will not require the grant of a new trial. *Central of Ga. Ry. Co.* v. *McKinney,* 118 *Ga.* 535 (45 S. E. 430); *M., D. & S. R. Co.* v. *Joyner,* 129 *Ga.* 683 (59 S. E. 902). In *Fletcher* v. *Fletcher,* 134 *Ga.* 368 (67 S. E. 1034), the lack of adjustment was in an in-

struction of the law applicable to a vital issue in the case, and not in a charge upon the contentions of the parties.

2. For the reasons assigned in dealing with the instruction referred to in the preceding division of the opinion, the instruction set out in the second ground of the amendment to the motion for new trial does not require the grant of a new trial.

3. The judge erred in giving in charge to the jury the instruction set out in the third ground of the amendment to the motion for new trial. One of the issues in the case was whether the wife's mortgage was given prior to the execution of the plaintiff's mortgage. The judge in this charge told the jury that "the mortgage held by Mrs. Bloodworth is older in date than that held by G. W. Varn." It doubtless was the purpose of the judge to tell the jury that the date inserted in the wife's mortgage was older than the date of the plaintiff's mortgage, and that the wife's mortgage was first recorded. These facts being undisputed, it would not have been error to so tell the jury. *Dexter Banking Co. v. McCook*, 7 *Ga. App.* 436 (67 S. E. 113). But the jury might well infer that the judge entertained and expressed the opinion that the wife's mortgage was the older of the two instruments. If not a judicial expression of opinion on the evidence, it borders on it; but we do not find it necessary to decide this question. This instruction was clearly erroneous for another reason. It excluded from the consideration of the jury the contention of the plaintiff that the wife's mortgage was antedated, a fact the existence or non-existence of which was important in determining the bona fides of the transaction between the husband and wife, and in establishing the wife's knowledge of the existence of plaintiff's mortgage when hers was executed and delivered.

4. Plaintiff complains of the charge set out in the fourth ground of the amendment to his motion for new trial. The error assigned is that this instruction was misleading, confusing, and erroneous in that (a) it was not adjusted to the pleadings and the evidence; (b) it injected into the case an issue not made by the pleadings and evidence, to wit: whether or not the wife was present when his mortgage was actually signed and delivered by the husband; (c) plaintiff did not contend that the wife was present when his mortgage was actually executed and delivered, and his claim of estoppel did not rest on any such premise;

(*d*) it withdrew from the consideration of the jury the plaintiff's claim of estoppel based on the fact that, while the wife was not present when his mortgage was executed and delivered by the husband, she was present and heard a part, if not all, of the nego-  · tiations that culminated in its execution, and failed to inform him of the existence of her alleged mortgage, when she knew that he was about to accept a mortgage on this stock of goods, believing that it was unincumbered; and (*e*) it was susceptible of the meaning that in order for the wife to be estopped she must have misled the plaintiff by some affirmative statement or overt act.

This instruction was all that the court charged upon the law applicable to the estoppel set up by the plaintiff, except the judge's statements of the contentions of the parties upon this subject. This being so, this instruction can derive no help or prop from the whole charge. Deficiencies therein are not supplied by the other portions of the court's charge. It must stand or fall on its merits or demerits. We do not think that this instruction clearly and fully covered the law applicable to the estoppel set up by the plaintiff. In charging the law on this vital and pivotal issue in this case, the judge should have clearly and distinctly instructed the jury, that it was not necessary that the wife should have been present at the time the plaintiff's mortgage was executed and delivered by her husband, in order to be estopped; but that, if she was present when the negotiations were had, which culminated in the agreement of the husband to execute this mortgage and in its subsequent execution, and if she knew of these negotiations and agreement had between her husband and the plaintiff in her presence, and, with such knowledge, failed to disclose the existence of her mortgage to the plaintiff, and permitted him to take a mortgage on the same property upon which she had a mortgage, to secure himself against loss on his indorsements of her husband's notes, believing that such property was unincumbered, she would be estopped by her silence alone, under these circumstances, from enforcing her mortgage against the plaintiff's mortgage. The language, "if Mrs. Bloodworth was present at the time Mr. Varn took his mortgage," and the language, "if she was not present at the time, she would not be estopped," might have impressed the jury with the idea, that, if she was not present when the plaintiff's mortgage was actually

executed and delivered, she would not be estopped; and while we have held that such language in the statement of the contention of the plaintiff on this subject was not so inaccurate as to demand the grant of a new trial, we think its presence in the sole instruction of the court upon this vital point in the case, and the failure of the court to instruct the jury that the silence of the wife under the circumstances above stated would estop her, require the grant of a new trial. *Fletcher* v. *Fletcher*, supra.

5. The instruction complained of in the fifth ground of the amendment to the motion for new trial was erroneous for the reasons: (1) that it improperly put on the plaintiff the burden of showing that it was both fraudulent and antedated, before he could prevail, whereas, if the wife's mortgage was fraudulent, the plaintiff would be entitled to recover, whether that instrument was antedated or not; (2) that if the wife's mortgage was actually executed on Jan. 14, 1922, as the plaintiff contends, and if at that time the wife had knowledge of the prior unrecorded mortgage of the plaintiff, she was not entitled to prevail; and (3) that the sole question for the jury to try was not whether the mortgage from the husband to the wife was free from fraud, bona fide, and given to secure a debt owed by him to her, there being in the case the question of estoppel which the jury had to try.

6. The failure of the court to give in charge to the jury the principle of law enunciated in the sixth ground of the amendment to the motion for new trial was error. This was a correct principle of law. Civil Code (1910), § 4419; *Bailey* v. *Lumpkin,* 1 *Ga.* 392; *Tinsley* v. *Rice,* 105 *Ga.* 285 (31 S. E. 174); *National Duck Mills* v. *Catlin,* 10 *Ga. App.* 240 (73 S. E. 418); *Allen* v. *Lott-Lewis Co.,* 8 *Ga. App.* 313 (68 S. E. 1073). It was applicable to one of the issues in the case. This being so, it should have been given, even in the absence of a request. *Central Railroad* v. *Harris,* 76 *Ga.* 501 (1b); *Phenix Ins. Co.* v. *Hart,* 112 *Ga.* 765 (38 S. E. 67).

            *Judgment reversed. All the Justices concur.*