## 14331. NEW JERSEY INSURANCE CO. *v.* ROWELL.

BROYLES, C. J. 1. Where a policy of fire insurance, taken out by the tenant and lessee of a building, insured the building for a certain sum, and a stock of goods in the building for another certain sum, the consideration of the policy being a premium payable in a gross sum, and where the policy of insurance contained a clause making any loss or damage to the building payable to a named third person (the owner of the building), "as his interest may appear," and where both the building and the stock of goods were subsequently damaged by fire, and the insured brought suit in his own name to recover the amount of both the damage to the stock of goods and the damage to the building, the petition was not subject to general demurrer for the reason that it failed to set forth that the recovery for the damage to the building was sought for the use and benefit of the person named in the aforesaid loss-payable clause.

(a) The above ruling was made by the Supreme Court in answer to a question certified to it by this court. For a full discussion of this question see *New Jersey Insurance Co.* v. *Rowell,* 157 *Ga.* 360 (121 S'. E. 414).

2. The special demurrers to the petition are without substantial merit, and the court properly overruled them.

                *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

       DECIDED APRIL 15, 1924. REHEARING DENIED MAY 14, 1924.

Action on fire-insurance policy; from Colquitt superior court— Judge W. E. Thomas. January 17, 1923.

Application for certiorari was denied by the Supreme Court.

*Smith, Hammond & Smith, Kline & Moore,* for plaintiff in error. *Waldo DeLoache, R. S. Roddenbery Jr.,* contra.

### ON MOTION FOR REHEARING.

BROYLES, C. J. The plaintiff in error, in the motion for a rehearing, contends that the Supreme Court, in its answer to a question in this case, certified by this court, "did not dispose of all of the questions raised by the general demurrer" to the petition, and that the questions not so disposed of were not decided by this court as they should have been. This contention is without merit, as the Supreme Court in its answer distinctly and broadly ruled that the petition was not subject to general demurrer. The headnote of its answer was as follows: "The petition described in the question propounded by the Court of Appeals was not subject to general demurrer."

           *Motion denied. Luke and Bloodworth, JJ., concur.*