DANIEL *v.* ETHEREDGE *et al.*

No. 13450.   M'ARCH 19, 1941.   REHEARING DENIED APRIL 3, 1941.

*Pierce Brothers, William K. Miller, Joel H. Terrell, Randall Evans Jr.,* and *George G. Battle,* for plaintiff.

*W. Tom Veazey, Ficklen & Pilcher,* and *J. Cecil Davis,* for defendants.

BELL, Justice. ■ The overruling of the general demurrer must

be treated as adjudicating that the petition stated a cause of action for some of the relief prayed, there being no cross-bill of exceptions. The evidence has not been set forth in the preceding statement, and we do not deem it necessary to state it here. We have carefully examined every particle of it, and have reached the conclusion that a verdict for the plaintiff would have been authorized. Considering the testimony as to the relationship and associations between the decedent and the defendants, and as to some circumstances which the jury might have considered as badges of fraud, and in view of the evidence as to the consideration for some of the deeds, the plaintiff's testimony as to the decedent's mental condition, and other circumstances, we can not agree with counsel for the defendants that the verdict for the defendants as returned by the jury was demanded. Therefore it is necessary to pass upon the special grounds of the motion for new trial, in which it is contended that certain errors were committed during the trial. The grounds of the motion for new trial are referred to herein according to the numbering in the amendment to the motion.

In ground 6 it was contended that the court erred in failing to submit to the jury the first charge of fraud made by the plaintiff against the defendants, to wit: as to fraudulent administration upon the estate of B. H. Baker, concerning which it is insisted that the evidence presented an issue of fact for the jury. The judge did state to the jury that the plaintiff contended the administration was fraudulent, but he nowhere charged the law applicable to such particular issue. There was at least some evidence to support the contention of the plaintiff as to this matter; and this being true, the judge erred, as contended, in failing to instruct the jury thereon. As to the duty of the court to instruct the jury on the substantial issues made by the evidence, whether requested to do so or not, see *Whedon* v. *Knight*, 112 *Ga.* 639, 644 (37 S. E. 972) ; *Bostick* v. *Farmers Supply Co.*, 147 *Ga.* 635 (95 S. E. 212) ; *Garbutt* v. *Mayo*, 128 *Ga.* 269 (5), 278 (57 S. E. 495, 13 L. R. A. (N. S.) 58). It may be true that if all of the other transactions assailed by the plaintiff were invulnerable as a matter of law, so that the deceased died owning no property besides that which was actually administered, the plaintiff would not show such injury as would entitle her to complain merely because the administrators may have been appointed upon a false statement that they had been

selected in writing by a majority of the heirs at law; but since the jury under the evidence would have been authorized to find that some of the deeds in question were invalid, and since if any of these deeds were invalid the amount of the estate for administration would have been materially increased, it can not be said that the error in failing to so charge was harmless.

In ground 12 the movant complained of the following charge: "I charge you that fraud is not presumed, and can not be presumed, but it must be proved; but fraud being subtle in its nature, slight circumstances are sufficient to justify its existence. The plaintiff in this case having charged fraud, gentlemen, the burden is upon her to show fraud as well as undue influence practiced upon Mr. Baker by the defendants as she contends." It is contended that this charge was erroneous, because it placed upon the plaintiff the burden of showing both fraud and undue influence, whereas under the pleadings and the evidence she might have recovered on proof of either. We think this exception is well taken. "Fraud and undue influence are not equivalent terms; undue influence may be a species of fraud, or it may exist without any positive fraud." *DeNieff* v. *Howell*, 138 *Ga.* 248 (6), 252 (75 S. E. 202). The error in this charge is similar to that for which the judgment was reversed in *Evans* v. *Coleman*, 101 *Ga.* 152 (28 S. E. 645), where it was held that in a suit by a creditor to cancel an alleged fraudulent conveyance it was erroneous to charge that if the debtor made the conveyance with the intent "to 'delay, hinder, *and* defraud' his creditors, it would be void." It was further said: "The acts voiding the conveyance should have been stated disjunctively. Stating them conjunctively imposed upon the creditor a greater burden than the law does." See *Gill* v. *Willingham*, 156 *Ga.* 728 (5) (120 S. E. 108); *Varn* v. *Bloodworth*, 157 *Ga.* 300 (5), 310 (121 S. E. 380). We can not agree that other portions of the charge in this case were such as to cure the error complained of. The judge may have intended to say only that in so far as the plaintiff relied on fraud she would have the burden of proving it, and that in so far as she relied on undue influence she would likewise have the burden of proof. On the other hand, the charge as given could reasonably have been understood by the jury as meaning that in order for the plaintiff to recover at all, it would be incumbent upon her to prove both fraud

and undue influence. "The jury should not be left to decide between conflicts in the charge, without having their attention directed thereto by the court and being instructed as to which of the antagonistic principles is correct and applicable, and which should be disregarded." *Savannah Electric Co.* v. *McClelland,* 128 *Ga.* 87 (2) (57 S. E. 91).

■ In ground 15 complaint was made of the following charge: "Slight evidence of fraud and undue influence may authorize the jury to cancel the deeds, and is sufficient to shift the burden to the defendants and require them to show that the transaction was fair and free from fraud and undue influence; but before that burden shifts to the defendants you must believe that sufficient fraud has been shown to you to justify investigation into the merits of the transaction." The complaint is that this charge was confusing as to what was meant by burden of proof, especially in view of the last clause, "but before that burden shifts to the defendants you must believe that sufficient fraud has been shown to you to justify investigation into the merits of the transaction." This exception is well taken.

■ We have carefully considered the other fourteen special grounds of the motion for new trial, and have reached the conclusion that no reversible error is shown in any of them. The evidence admitted over objection in five instances was not inadmissible for the reasons urged. The exceptions *as taken* to other portions of the charge, and to omissions to charge, do not show cause for a new trial, under the evidence as presented by the record.

For the reasons stated in the three preceding divisions, a new trial should have been granted. In holding that a verdict for the plaintiff would have been authorized, we do not mean to say that such verdict would have been authorized as to every transaction under attack; but since the various issues were in some respects closely related and interwoven, and since a general verdict in favor of the defendants was returned, we reverse the judgment generally and without direction.

*Judgment reversed. All the Justices concur, except Reid, C. J., and Atkinson, P. J., who dissent.*