## 47747. RAY WRIGHT ENTERPRISES, INC. v. REAVES.

QUILLIAN, Judge. W. D. Reaves, d/b/a Reaves Wrecking Company, brought this complaint against Ray Wright Enterprises, Inc. in the Municipal Court of Columbus. The complaint alleged that the defendant called for and the plaintiff sent to the defendant's job site a certain clam bucket to perform services required by the defendant; that the defendant through its negligence caused damages to the machine and to the plaintiff in the sum of $1,452. The trial judge sitting without a jury found in favor of the plaintiff and against the defendant in the sum of $1,200. The defendant's motion for new trial was overruled and appeal was taken to this court.

The defendant, appellant here, makes the following principal contentions: (1) that the evidence was insufficient to sustain the damages awarded because such damages were speculative; (2) that the evidence was inadequate to sustain the verdict because it showed that the plaintiff never parted with exclusive possession and that the plaintiff's own negligence was the cause of the damages received. *Held:*

1. The defendant cites the rule that a plaintiff who seeks reparation in damages resulting from a breach of contract is limited to recovery for damages which are the natural and material consequence of the act from which the damage flows. "The general rule is that the expected profits of a commercial business are too uncertain, speculative, and remote to permit a recovery for their loss." *Georgia Grain Growers Assn.*

*v. Craven,* 95 Ga. App. 741, 747 (92 SE2d 633).

Ordinarily, in an action to recover damages to a vehicle the measure is "the difference between the value of the property before the damage and afterwards." *Douglas v. Prescott,* 31 Ga. App. 684 (1) (121 SE 689). "In a case where the owner has undertaken to make proper and necessary repairs, he may, in establishing such damage, include such proper and necessary expenses, provided such items are the direct and proximate result of the collision, and represent the reasonable value of such necessary material and labor, and provided the aggregate of these amounts, together with hire on the machine while rendered incapable of being used, and the value of any additional permanent impairment, does not exceed the value of the machine before the injury with interest thereon." *Padgett v. Williams,* 82 Ga. App. 509, 511 (61 SE2d 676); *Lamon v. Perry,* 33 Ga. App. 248 (1) (125 SE 907). In the case sub judice the plaintiff introduced evidence as to the cost of repairs and as to the cost of hire. Although the evidence was somewhat conflicting and not completely specific, it cannot be said that the evidence did not authorize the judgment entered by the trial judge.

2. The evidence in this case was sufficient to show that an agent of the defendant was well aware of the danger to the machinery involved in using a heavier clam bucket, but that he proceeded to operate the machinery with the heavier clam bucket and as a result the machinery was damaged. This was sufficient to support the trial judge's finding that the defendant, through its agent, was grossly negligent. Code § 105-203. In such case, the defendant's argument as to the status of the bailment or as to the plaintiff's exercise of control over the use of the vehicle would not be controlling. Code § 12-203.

The trial judge did not err in overruling the motion for new trial.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*
SUBMITTED JANUARY 2, 1973 — DECIDED APRIL 6, 1973.

*Jack A. King, Nelson C. Coffin,* for appellant.
*Dan S. Beeland,* for appellee.

