## 49825. PERKINS v. BEATLES.

WEBB, Judge.

Peggy Beatles brought suit against Vernon Perkins, d/b/a Main & Lakewood Shell, alleging that plaintiff drove her automobile into defendant's service station to obtain gasoline and services; that the attendant, after adding a quart of oil to the engine, failed to replace the oil cap; that a short time later the engine began smoking heavily and making various noises, whereupon plaintiff discovered that oil had escaped onto the engine due to failure to cap the oil tank; that plaintiff telephoned defendant's service station to report the trouble, and after a brief search of the premises the attendant stated that the oil cap had been found; that she returned to the station, secured the cap and more oil and, after adding the oil and replacing the cap, once again started toward her destination; that a short time later plaintiff once again heard loud knocking and other noises and the engine

stopped; and that the automobile "was towed to D. L. Claborn Buick, where she was informed that due to the loss of engine oil, which occurred as a result of the oil cap being left off by defendant's attendant, the engine was ruined and would have to be replaced at a cost of $595.27." Recovery was sought in the amount of $595.27 for replacement of the engine, $42 towing charges, and $350 for loss of use of the automobile.

The trial court, sitting without a jury, entered judgment for plaintiff in the amount of $750 plus court costs, and defendant appeals. *Held:*

" 'In a case where the owner has undertaken to make proper and *necessary repairs,* he may, in establishing such damage, include such proper and *necessary expenses,* provided such items are the *direct and proximate result of the [defendant's negligence],* and represent the reasonable value of such *necessary* material and labor, and provided the aggregate of these amounts, together with hire on the machine while rendered incapable of being used, and the value of any additional permanent impairment, does not exceed the value of the machine before the injury with interest thereon.' [cits. omitted]." *Ray Wright Enterprises v. Reaves,* 128 Ga. App. 745, 746 (197 SE2d 856). (Emphasis supplied.)

Plaintiff here sought to establish her damages by proving the cost of repairs to the automobile — $595.27 for replacement of the engine — but she failed to submit evidence to support the allegations of the complaint that the engine was ruined as a result of loss of oil. The only evidence in this regard is as follows: "Q. Did you authorize any other repairs to your car other than the repair of the engine due to the loss of the oil? A. No, huh-uh." Plaintiff testified that she was "not knowledgeable with respect to automobile mechanics," and this testimony that she did not authorize any other repairs is not evidence that the replacement of the engine was necessary as a result of the oil loss. There is simply a failure of proof as to the nature and extent of any damage to the automobile and its causal relationship to the oil loss. These are matters for affirmative proof and cannot be established merely by showing that the engine malfunctioned and was subsequently replaced at a stated cost.

While defendant made a motion for directed verdict at the trial, there is no enumeration that the court erred in denying it. Consequently a new trial is granted.

*Judgment reversed. Bell, C. J., Pannell, P. J., Quillian, Clark and Marshall, JJ., concur. Deen, P. J., Evans and Stolz, JJ., dissent.*

Argued October 3, 1974 — Decided January 7, 1975.

*Patrick, Sidener, Bryant & Hamner, Charles F. Reeves,* for appellant.

*John C. Tyler,* for appellee.

Evans, Judge, dissenting.

Plaintiff filed suit against the owner of a gasoline service station because of damages to her automobile engine, resulting from driving without oil, following the attendant's failure to replace the oil cap. The trial judge, sitting without a jury rendered judgment for plaintiff and the majority opinion reverses, holding that the evidence was insufficient to show that plaintiff's damages resulted from defendant's conduct; and also holding that plaintiff's evidence failed to prove the nature and extent of her damages. I respectfully dissent.

1. A judgment rendered by a judge sitting without a jury has the same force and effect as a verdict rendered by a jury. See: *Givens v. Gray,* 126 Ga. App. 309, 310 (190 SE2d 607); *Wiley v. Kelsey,* 13 Ga. 223. When such judgment is attacked, if there is any evidence to support same, it must be upheld; and the Court of Appeals is not authorized to set it aside because of a conflict in the evidence. *Martin v. State,* 95 Ga. App. 519 (98 SE2d 105). A judgment is presumed to be valid, and supported by every essential ingredient necessary to its rendition; the burden is on one attacking same to show to the contrary. Code § 38-114; *Allen v. Smith,* 223 Ga. 265, 266 (154 SE2d 605).

2. Circumstantial evidence alone may support a verdict or judgment. In *Kimberly v. Reed,* 79 Ga. App. 137, 141 (3) (53 SE2d 208) the question was as to proof of the identity of the driver of the automobile, where all

occupants were killed. A woman was found sitting on the front seat while Kimberly's head was on the ground and his feet were on the floor board, near or under the clutch or brake pedal. At page 146 it was held that this was sufficient to prove identity of the driver. Again in *Brown v. Matthews,* 79 Ga. 1 (2) it is stated that "Truth is often dim, but is truth nevertheless. Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts," and at page 8 it is held: ". . . it is not necessary that the evidence should shine upon it with a clear light. It is enough if glimpses of it be afforded by the evidence."

3. In this case there was both direct and circumstantial evidence which amply supported the judgment. It was proven that plaintiff drove her car into the service station and requested service, which included adding one quart of oil to the motor, same being a small foreign car, to wit, a 1970 Opel Coupe Kadett. The car had been driven approximately 5,000 miles; and plaintiff had periodic checkups thereon and never had any major problems with the car. She left the service station and when she had driven one-fourth of a mile she heard a loud, popping noise as if something had given way in the car, and all of a sudden there was smoke, and the car started choking, and stopped. She looked under the hood and saw the oil cap was missing and oil was all over the engine and under the hood. She returned to the service station, where the attendant found the oil cap on defendant's premises, and apologized to plaintiff for his conduct. More oil was put into the motor and plaintiff drove away, but when she had traveled a short distance, the motor cut off again. Plaintiff was unable to start the car again, and she was required to pay a $42 towing charge. She had D. L. Claborn Buick repair the car, and its charges for such repairs amounted to $595.27. She was without the use of her car from May 12 until June 27 (46 days) and she testified that the rental value of a similar car was $10 per day. Of considerable significance is plaintiff's testimony (Tr. p. 16) to the effect that *she did not authorize any other repairs to her car other than the repair of the engine due to the loss of oil.* There was no objection to this testimony, and it will therefore be presumed that Claborn Buick

made only those repairs and that these repairs were due to the loss of oil, for which Claborn Buick rendered its bill.

4. The above evidence furnishes a complete answer to the suggestion that the evidence did not prove plaintiff's damages resulted from defendant's conduct, that is, failure to replace the oil cap, resulting in loss of oil in the motor.

5. The foregoing evidence likewise clearly shows that plaintiff's proven damages were considerably in excess of the judgment, to wit:

| | |
|---|---|
| Necessary repairs | $595.27 |
| Towing charge | 42.00 |
| Loss of use of car for 46 days at $10 per day | 460.00 |
| Total | $1,097.27 |

The judgment rendered was for only $750, and was therefore within the range of the evidence.

The language in the judgment implies that the trial judge used the "before-and-after" values of the car to establish the judgment reached. This method may have been authorized by the testimony, but it is quite certain that he could have used another method, whereby he could have rendered judgment for $1,107.27. A judgment that is correct, even if arguendo it be conceded that the wrong reasoning was used in reaching that judgment, will be affirmed. See *Blount v. King,* 51 Ga. App. 4 (3) (179 SE 198); *Stahl v. Russell,* 206 Ga. 699, 701 (2) (58 SE2d 135).

6. I therefore respectfully dissent from the reversal by the majority, and would vote to affirm the judgment in favor of the plaintiff.

I am authorized to state that Presiding Judge Deen and Judge Stolz join in this dissent.