## 54837, 54838. GENERAL GMC TRUCKS, INC. v. CROCKETT; and vice versa.

SMITH, Judge.

Crockett, the owner of a GMC over-the-road tractor, had presented the tractor to General GMC Trucks, Inc., for repair work. Claiming negligent performance of the repair work had destroyed the tractor's engine and cost him time on the job, Crockett sued General GMC for various damages, and won a jury verdict and judgment. General GMC appeals that judgment, and Crockett has filed a protective cross appeal. Finding no merit in General GMC's appeal, we affirm the judgment and dismiss the cross appeal.

1. The pleadings and proof properly made out a case sounding in tort; therefore, it was not error to submit negligence issues to the jury.

2. The finding of damages was authorized by the evidence. "Ordinarily, in an action to recover damages to a vehicle the measure is 'the difference between the value of the property before the damage and afterwards.' *Douglas v. Prescott,* 31 Ga. App. 684 (1) (121 SE 689). 'In a case where the owner has undertaken to make proper and necessary repairs, he may, in establishing such damage, include such proper and necessary expenses, provided such items are the direct and proximate result of the collision, and represent the reasonable value of such necessary material and labor, and provided the aggregate of these amounts, together with hire on the machine while rendered incapable of being used, and the value of any additional permanent impairment, does not exceed the value of the machine before the injury with interest thereon.' *Padgett v. Williams,* 82 Ga. App. 509, 511 (61 SE2d 676); *Lamon v. Perry,* 33 Ga. App. 248 (1) (125 SE 907)." *Ray Wright Enterprises v. Reaves,* 128 Ga. App. 745,

746 (1) (197 SE2d 856) (1974).

The above rule would apply here. In order to support a recovery, the plaintiff must offer sufficient proof to authorize a finding in accordance with the rules of law fixing the measure of his damages. If the plaintiff relies on the cost of repairs as a measure of damages, he must prove the cost of repairs does not exceed the value of the vehicle before the injury. *Leggett v. Brewton,* 104 Ga. App. 580, 583 (2) (122 SE2d 469) (1961). Here, Crockett presented no evidence as to the market value of the tractor immediately before the destruction of the engine; however, he did offer evidence of the cost of the tractor, the method of upkeep, and the value of an engine, rebuilt or new, and the actual replacement cost of the engine. There was evidence as to the necessary repairs, downtime, and loss of use or hire of the vehicle (which Crockett used for earning a livelihood), hence we cannot say that the court was in error in denying General GMC's motion for directed verdict at the close of Crockett's evidence and in denying the motion for judgment notwithstanding the verdict.

3. Delivery of a charge concerning fiduciary relationships was error, but that error was harmless. The objectionable charge, in its entirety, stated:

"I charge you that a fiduciary relationship exists in all cases where there has been a special confidence reposed in one who in equity is bound to act in good faith and with due regard to interest on one reposing the confidence, it arises whenever a trust is specifically reposed in skill or integrity of another, extends to every possible case in which there is confidence reposed on one side and resulting domination or influence on the other, and origin of confidence and source of influence are immaterial."

General GMC contends that the charge placed a higher standard of care on it than the standard of ordinary care prescribed by law, and the dissenting judges apparently agree. But many times the appellate courts of this state have held that a judgment will not be reversed because of an isolated error in the charge so long as the charge, viewed in its entirety, correctly stated the law without misleading the jury. E.g. *Gossett v. State,* 142 Ga.

App. 815 (237 SE2d 220) (1977). Such is the case here.

Immediately following the above charge the court stated, "I charge you, members of the jury, a repairman owes an original duty to the public to use ordinary care in making repairs . . ." Prior to the above portions of the charge, the court had stated, quite explicitly and accurately, that this case was based upon negligence, and "[n]egligence is a failure to exercise the degree of care which the law requires in a particular instance. The law in this case requires the defendant to exercise ordinary diligence. The definition of ordinary diligence is as follows: In general, ordinary diligence is that degree of care which is exercised by ordinary prudent people under the same or similar circumstances."

In addition, the charge was what is normally termed an "inapplicable instruction." It is never error to give an inapplicable instruction if the court gave the correct rule of law and the irrelevant charge could not reasonably be calculated to prejudice the complaining party or mislead the jury. *Griffin Grocery Co. v. Reeves,* 127 Ga. 669 (56 SE 751) (1906). Harmful error results when an inapplicable instruction might reasonably draw the jury away from the true issues in dispute or if the erroneous instruction is inapplicable to a vital issue in the case. *Varn v. Bloodworth,* 157 Ga. 300 (121 SE 380) (1923); *Haslerig v. Watson,* 205 Ga. 668 (54 SE2d 413) (1949). Clearly, the inapplicable instruction pertaining to fiduciary relationships could not remotely apply to the vital issues in this case.

To reverse the judgment, we would have to be convinced that the entire charge left the jury with the impression that it was to apply a standard of care other than ordinary diligence. We do not believe it even remotely possible that intelligent jurors, in whom the law reposes its utmost confidence, could have been thus misled.

4. The charge that negligence may be shown by circumstances as well as by direct testimony, taken from the statement of law in *D. G. Machinery &c. Co. v. Hardy,* 118 Ga. App. 45 (2) (162 SE2d 852) (1968), was appropriate under the facts of this case.

*Judgment affirmed in Case no. 54837; appeal*

*dismissed in Case no. 54838. Bell, C. J., Deen, P. J., Webb, Shulman, Banke and Birdsong, JJ., concur. Quillian, P. J., and McMurray, J., dissent.*

Argued October 31, 1977—Decided March 16, 1978 — Rehearing denied March 31, 1978, in Case no. 54838 — Cert. applied for.

*Spearman, Thrasher & Whitley, William Lewis Spearman, Richard B. Eason, Jr., James G. Jackson,* for appellant.
*Serby & Mitchell, Louis C. Parker, III,* for appellee.

McMurray, Judge, dissenting.

This case involves a suit for damages resulting from certain faulty repairs made by General GMC Trucks, Inc. to the engine of a GMC tractor owned by Crockett. The damages allegedly resulted in the complete destruction of the engine. Crockett sought replacement engine cost, the loss of use of the aforesaid tractor unit and other additional damages including exemplary damages and attorney fees.

After a jury trial plaintiff recovered $11,606.08. Defendant then filed a motion for judgment notwithstanding the verdict or in the alternative for new trial. This motion was denied, and defendant appeals in Case number 54837. Plaintiff cross appeals in Case number 54838 for the purpose of considering certain rulings made by the trial court during the course of the trial in the event the Court of Appeals finds there was reversible error in the main appeal.

The majority here is in agreement that the judgment should be affirmed. I agree fully with the majority in the opinion as written, except for Division 3, and the judgment of affirmance. It is my opinion that the trial court erred in charging the jury as to a fiduciary relationship existing between plaintiff and defendant inasmuch as there was no special confidence reposed in the defendant by the plaintiff other than an ordinary bailment to repair the vehicle. Such trust and confidence does not create a confidential relationship. See *Dover v.*

*Burns,* 186 Ga. 19, 26 (196 SE 785). Compare *Walsh v. Campbell,* 130 Ga. App. 194 (202 SE2d 657), *Lewis v. Alderman,* 117 Ga. App. 855 (2) (162 SE2d 440). Accordingly, I would reverse inasmuch as I consider this error in the charge as being meritorious. It cannot be said that this error was harmless.

I therefore respectfully dissent in Case no. 54837.

I am authorized to state that Presiding Judge Quillian joins in this dissent.