## TELFAIR COUNTY *v.* WEBB.

1. The court should instruct the jury, even though not so requested, upon the general features of the law applicable to the material and substantial issues in a case, and leave to the jury the determination of all disputed issues of fact.
2. Where a mare has been temporarily disabled for service and also permanently injured, the measure of the owner's damage includes reasonable hire for the time during which the disability continues, as well as making good any diminution in market value occasioned by the permanent effects of the injury (the aggregate of these amounts being limited to the value of the mare with interest thereon), and also any expenses incurred in keeping and treating the mare during the period of disability.

Submitted January 27, — Decided March 31, 1904.

   Action for damages.   Before Judge McRae.   City court of McRae.   August 10, 1903.

*B. M. Frizzell, E. D. Graham,* and *Eschol Graham,* for plaintiff in error. *D. C. McLennan,* contra.

SIMMONS, C. J. An action for damages was brought by Webb against the County of Telfair, in the city court of McRae. The petition alleged that the damages resulted from injuries received by the petitioner's mare, by reason of defects in a certain county bridge; that petitioner was leading her across such bridge, when, without any fault on his part, she stepped into a hole in the floor of said bridge, and was damaged; that the flooring of the bridge was dilapidated, rotten, and full of holes, that this condition had existed for several months, and that the county authorities had actual notice of the unsafe and dangerous condition of the bridge; that the bridge had been constructed by the county of lumber of an inferior quality; and that the county was negligent in failing to repair the bridge. The petition also alleged that the mare was so badly crippled that, after attempting for nearly seven weeks, at great trouble and expense, to cure her, he had disposed of her as being practically worthless, and that he had been damaged in the sum of $150. The defendant by its answer denied all the allegations of the petition, as to the manner and extent of the injuries to the mare, and as to the condition of the bridge. Upon the trial the jury returned a verdict for the plaintiff for $112.50. The defendant moved for a new trial, the motion was overruled, and the defendant excepted.

1. Under the evidence appearing in the record, there were three questions to be passed upon by the jury before reaching a determination as to whether the plaintiff was entitled to recover at all: 1st, whether the mare had been injured upon the county bridge; 2d, whether this injury was caused by a defect in the bridge, of which the county authorities had sufficient notice, and which they had negligently failed to repair; 3d, whether the plaintiff could have avoided the injury by the exercise of ordinary care. The third of these questions was submitted to the jury, the first was mentioned in stating the contentions of the parties, and the second was not referred to at all. Complaint was made, in the motion for new trial, of instructions in which the court assumed that the mare was injured, and there was also complaint that the court failed to charge on the matters stated above as the first and second questions for the jury to determine. It was error to assume that

the plaintiff's mare was injured, when there was sufficient evidence to the contrary to require a submission of the question to the jury. It was also error, even in the absence of any request, to fail to charge on the question of the defendant's negligence.    That negligence is the gist of the action ; and unless it be established that the defendant was negligent in some respect, such negligence being the proximate cause of the injury, there can be no recovery, even though it be proved that the mare was injured by reason of a defect in the bridge.     For these reasons we think the court should have granted a new trial upon these grounds.

2. Under the ruling in *Atlanta &c. R. Co.* v. *Hudson*, 62 *Ga.* 679, approved in *Atlanta Cotton-Seed Oil Mills* v. *Coffey*, 80 *Ga.* 150, the plaintiff's measure of damages, if he recovered, would include reasonable hire of the animal for the time during which she was temporarily disabled for service, as well as making good any diminution in her market value, occasioned by the permanent effects of the injury, such amounts, however, not to exceed in the aggregate the market value of the animal with interest thereon. Plaintiff would also be entitled to recover for any expenses incurred, during the time the mare was disabled for service, in keeping her and treating her injuries.    The judge below instructed the jury much in accordance with what is here laid down, but we are not sure that his charge was in all respects accurate     Certainly it is subject to the criticism that it allowed the jury to find for the plaintiff for medical attendance when there was no evidence, so far as the record shows, of any expense on that account. As a new trial is ordered on other grounds, it is unnecessary for us to do more than state the correct measure of damages applicable to the case.     *Judgment reversed.    All the Justices concur.*