### 2473.  SOUTHERN RAILWAY COMPANY *v.* STEARNS.

Where a horse has been temporarily totally disabled for work, and also permanently injured, the measure of damage is the diminution in the market value of the horse caused by the permanent effects of the injuries, the reasonable hire of the horse during the period of temporary total disability, and the cost incurred in keeping and treating the horse for the injuries, the aggregate of these amounts not to exceed the value of the horse before the injury, with interest thereon.

DECIDED JULY 25, 1910.

Appeal; from Whitfield superior court—Judge Fite.  January 19, 1910.

*J. M. Rudolph,* for plaintiff in error.

*M. C. Tarver,* contra.

HILL, C. J.   This was a suit against the railroad company to recover damages for injuries to a horse.   The justice rendered a judgment for $70, and the defendant appealed to a jury in the superior court,   The jury found a verdict for $60, and the defendant's motion for a new trial was overruled.

The evidence as to negligence of the defendant and contributory negligence of the plaintiff was in conflict, and the verdict settles the question of liability.   The evidence showed that the horse was temporarily totally disabled from doing any work, and there was evidence of permanent disability and consequent diminution in value.   There was also proof of the amount of the hire of the horse and the cost of keeping and treating him for the injuries.

The court instructed the jury, in effect, that the measure of damages was the difference in the value of the horse before and after the injuries, lost hire while not able to work from the injuries, and the expense of looking after and treating the horse during his disability.   This instruction is objected to, because it allows the plaintiff to recover triple damages, it being contended that the true measure was the diminution in value and nothing more.

The measure of damages as stated by the instructions is in accordance with the rule declared by the Supreme Court in *Telfair County* v. *Webb,* 119 *Ga.* 916 (47 S. E. 218) ; *Atlanta &c. R. Co.* v. *Hudson,* 62 *Ga.* 680, and *Atlanta Cotton-Seed Oil Mills* v. *Coffey,* 80 *Ga.* 150 (4 S. E. 759, 12 Am. St. R. 244).   It is true that the court should also have charged that the aggregate of items of damages should not exceed the value of the horse with interest thereon; but the failure to do so in this case, under the evidence, resulted in no injury to the defendant, as the aggregate amount of the damages proved and found by the jury did not equal the proved value of the horse.   The other two assignments of error are without merit. .  Another. trial is asked for because of alleged newly discovered evidence.   This newly discovered evidence tends to show that the horse was not as seriously injured as claimed by the plaintiff and as proved on the trial.   A counter-showing was made; and we do not think the trial judge abused his discretion in refusing a new trial on this ground.   In view of the counter-showing, it is not probable that the evidence alleged to be newly discovered would change the result.        *Judgment affirmed.*