### 14283. DOUGLAS v. PRESCOTT.

STEPHENS, J. 1. Where personal property is damaged by the tortious act of another, the measure of damages is the difference between the value of the property before the damage and afterwards. In a suit by the owner of personal property to recover the amount of its damage as the result of an alleged tortious act of another, the plaintiff, who has recovered a verdict in a certain amount, cannot complain that the court erred in charging the above rule as the true measure of the damages, and in not charging that the value of the repairs necessitated by the damage was the true measure.

2. This being a suit to recover for damage to the plaintiff's automobile, sustained as a result of a collision with an automobile of the defendant, and there being evidence as to the value of the plaintiff's automobile before and after the collision, and as to the character and the amount of the damage, and as to the value of the repairs, and there also being evidence authorizing an inference of negligence on the part of the plaintiff, the verdict found for the plaintiff was necessarily more or less uncertain as to the amount found, and was necessarily the result of opinion and estimate upon the part of the jury, both as to value and as to the degree of negligence, and the plaintiff cannot complain that the evidence demanded a larger verdict in his behalf.

3. There being no evidence of any wilful, wanton, or malicious conduct on the part of the defendant in causing the damage to the plaintiff, the evidence did not authorize the jury to assess any amount as punitive damages; and the court therefore did not err in failing to present this issue to the jury. *Southern Ry. Co.* v. *Davis*, 132 *Ga.* 812 (3) (65 S. E. 131).

4. The evidence authorized the inference that both parties were negligent, and the court properly adjusted its charge thereto.

5. All of the issues in the case were fairly submitted to the jury, and no error of law appears. The evidence supports the verdict rendered for the plaintiff, and the court did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 27, 1924.

Action for damages; from DeKalb superior court—Judge Hutcheson. January 13, 1923.

*Lee Douglas,* for plaintiff.

*Spalding, MacDougald & Sibley,* for defendant.