### 15531.   LAMON *v.* PERRY.

1. As to the amount of damages awarded for the injury to the automobile, the verdict was possibly not unauthorized. The testimony relied on by the plaintiff as to amounts expended for repairs was somewhat vague and speculative, but no exception to its admission was taken.
2. The court erred in not allowing counsel for the defendant to ask the plaintiff, on cross-examination, whether she had assigned her claim for damages.
3. The instruction to the jury as to the speed limit for automobiles under a municipal ordinance was harmless to the defendant, in view of other instructions.
4. Since the defense of "contributory" or comparative negligence was pleaded, although in a somewhat meager way, and was involved under the evidence, the law upon the issue thus raised should have been given in charge to the jury.

DECIDED DECEMBER 15, 1924.

Action for damages; from city court of Savannah—Judge Freeman. February 20, 1924.

*McIntire, Walsh & Bernstein,* for plaintiff in error.

*Connerat & Hunter, B. B. Cubbedge Jr.,* contra.

JENKINS, P. J. 1. In an action to recover damages for injuries to an automobile from a collision, the measure of damages is "the difference between the value of the property before the damage and afterwards" (*Douglas* v. *Prescott,* 31 *Ga. App.* 684 (1), 121 S. E. 689), but in a case where the owner has undertaken to make proper and necessary repairs, he may, in establishing such damage, include such proper and necessary expenses, provided such items are the direct and proximate result of the collision, and represent the reasonable value of such necessary material and labor, and provided the aggregate of these amounts, together with hire on the machine while rendered incapable of being used, and the value of any additional permanent impairment, does not exceed the value of the machine before the injury with interest thereon. Civil Code (1910), § 4505; *Savannah Electric Co.* v. *Crawford,* 130 *Ga.* 421 (2) (60 S. E. 1056); *Telfair County* v. *Webb,* 119 *Ga.* 916 (47 S. E. 218); *So. Ry. Co.* v. *Stearns,* 8 *Ga. App.* 111, 112 (68 S. E. 623); 17 Corpus Juris, 877 (§ 183 and notes). In a case where the rule of comparative negligence or diminution of damages may be applicable under the issues raised, the amount found under the rule stated may be reduced, accordingly as the jury may apply such rule of diminution. Value may be shown by the testimony of experts, or by other testimony as to the nature of the injuries sustained and as to the material and labor supplied; and testimony as to the actual cost is admissible, such cost being a circumstance which may be considered by the jury in determining such value, under their right to weigh all the facts and circumstances bearing upon that question, and to form their own judgment on the data in evidence, without being absolutely bound by the opinion of witnesses. *So. Ry. Co.* v. *Williams,* 113 *Ga.* 335 (1), 336 (38 S. E. 744); *Martin* v. *Martin,* 135 *Ga.* 162 (68 S. E. 195); *Baker* v. *Richmond City Mill Works,* 105 *Ga.* 225 (31 S. E. 426); *Jennings* v. *Stripling,* 127 *Ga.* 778, 784 (56 S. E. 1026); *Great American Fire Asso.* v. *Jenkins,* 11 *Ga. App.* 784 (5), 787 (76 S. E. 159). But "the cost of an article" or the amount paid for service "is not the criterion of its value" (*So. Ry. Co.* v. *Williams,* supra), and, "without more, is not sufficient proof" to authorize a verdict. *Watson* v. *Loughran,* 112 *Ga.* 838 (3), 841 (38 S. E. 82); *Allen* v. *Harris,* 113 *Ga.* 107 (4), 109 (38 S. E. 322). However, if the nature of the injury, the character of the services rendered, and the amount paid therefor

are proved, but there is a mere omission on the part of a witness to say that he thinks the amount was reasonable, it can not be said that there is nothing on which the jury may base a verdict, since they "are not bound by the opinion evidence, but may put their own estimate upon the value of the services in view of their nature and character, and the attendant circumstances." *Ga. Ry. & Elec. Co.* v. *Tompkins,* 138 *Ga.* 596 (8), 603 (75 S. E. 664). Under these rules it might possibly be said that the verdict with respect to the amount of damages was not altogether unauthorized. Although the testimony relied upon as to the amounts actually expended for material and repairs was somewhat vague and speculative, no exception to its admission for such purpose was taken and preserved. See *Bull* v. *Carpenter,* 32 *Ga. App.* 637 (124 S. E. 381, 382).

2. "A chose in action arising from a tort is assignable where it involves, directly, a right of property." Where there has been a complete legal assignment of such a chose in action, the assignee may institute and maintain an action against the defendant tortfeasor for the entire damage sustained, and the assignor "is not a proper party plaintiff to the suit." *Sullivan* v. *Curling,* 149 *Ga.* 96 (1) (99 S. E. 533, 5 A. L. R. 124). But where there is only a partial assignment of the chose in action and damages resulting from a tort, as by an insured person to an insurance company, whose payment of a policy covers only part of the loss, and especially where there has been no proper legal assignment, "the tendency of the courts is to hold that the action must be brought in the name of the insured, and that the insurer is not a necessary or proper party." *Atlanta Cadillac Co.* v. *Manley,* 29 *Ga. App.* 522 (2), 523 (116 S. E. 35), and cases cited.

(*a*) "Under our Code [of 1882], § 2244 [Civil Code of 1910, § 3653], all choses in action are assignable, but as construed by the decisions . . the assignment must not rest in parol, but must be in writing." *Hartford Fire Ins. Co.* v. *Amos,* 98 *Ga.* 533, 534 (1) (25 S. E. 575); *Foster* v. *Sullive,* 110 *Ga.* 297 (1) (34 S. E. 1037). The writing renders it an assignment at law; and while one who takes a chose in action by oral assignment under facts and circumstances rendering it valid as an equitable transfer has the rights of an equitable owner under what is termed an equitable assignment, a written assignment at law is necessary to

entitle the owner to sue in a direct action at law in his own name. *Benson* v. *Abbott,* 95 *Ga.* 69, 72 (22 S. E. 127); *Florida Coca-Cola Bottling Co.* v. *Ricker,* 136 *Ga.* 411, 417 (71 S. E. 734); *Few* v. *Pou,* 32 *Ga. App.* 620 (124 S. E. 372).

(*b*) While it is true that where irrelevant evidence is admitted over objection, such admission "is not cause for a new trial, unless a valid objection to its admission is made," and the statement of one or more specific grounds of objection is a waiver of other grounds (*So. Pine Co.* v. *Smith,* 113 *Ga.* 629 (3), 633, 38 S. E. 960; *Cox* v. *Cody,* 75 *Ga.* 175 (1 *a*); *Goodtitle* v. *Roe,* 20 *Ga.* 140 (4); *Waxelbaum* v. *Berry,* 99 *Ga.* 280, 25 S. E. 775; *Pearson* v. *Forsyth,* 61 *Ga.* 537 (1)), the rule is not the same where the testimony has been excluded, but in such a case, "if testimony was properly rejected, the ruling of the court will be sustained, although he may have given an insufficient, or even a wrong reason therefor." *Smith* v. *Page,* 72 *Ga.* 539, 544; *Barksdale* v. *Security Investment Co.,* 120 *Ga.* 388 (4), 395, 396 (47 S. E. 943).

(*c*) The question asked by the defendant of the plaintiff, as to whether she had assigned to a named insurance company "her claim against the defendant for damages to her automobile," was, therefore, not objectionable for the reason urged, to wit, that the claim was not assignable. The claim being assignable, upon proof of a complete legal assignment the person injured could no longer maintain the action. While it is true that, where the assignment, in order to be valid, must have been reduced to writing, the writing itself is the best evidence of the same, and, consequently, an affirmative answer to the question asked would not of itself have entitled the defendant to a nonsuit, still, since the information sought was such as lay peculiarly within the knowledge of the plaintiff, the court should have allowed the defendant, on cross-examination, to develop tentatively the information sought, in order that the defendant might, if he could, legally prove the writing thus ascertained to be in existence.

3. The instruction by the court with reference to a municipal ordinance limiting to eight miles an hour the speed of automobiles in making turns and at intersecting streets was not harmful to the defendant, under his contention that the plaintiff herself failed to exercise ordinary care and was proceeding at an unlawful speed under the law of Georgia in force at the time of the collision, in

December, 1920, limiting the speed at such intersections to six miles, since the court, in connection with the charge on the portion of the ordinance relating to the eight-mile speed, plainly told the jury that the six-mile limit of the State law superseded that part of the ordinance, and that such provision of the ordinance would not apply.

4. "In a suit for a negligent tort, where the question of diminution of damages by reason of negligence on the part of the person injured is not raised by the pleadings of either party, it does not constitute reversible error for the court, in the absence of a request, to omit to charge on that subject, where he has charged fully as to the effect of the negligence of the injured person upon the right to recover at all; although it is the better practice to charge on the subject of comparative negligence and diminution of damages where the evidence authorizes it." *Powell* v. *Berry,* 145 *Ga.* 696 (5) (89 S. E. 753, L. R. A. 1917A, 306) ; *Savannah Elec. Co.* v. *Crawford,* 130 *Ga.* 421 (1), 424, 425 (60 S. E. 1056) ; *So. Ry. Co.* v. *Hooper,* 110 *Ga.* 779 (2) (36 S. E. 232) ; *Savannah Elec. Co.* v. *Thomas,* 30 *Ga. App.* 405, 407 (12) (118 S. E. 481) ; *Davies* v. *West Lumber Co.,* 32 *Ga. App.* 460 (123 S. E. 753) ; *Ga. R. Co.* v. *Brooks,* 30 *Ga. App.* 692 (1) (119 S. E. 424). But under the rule that "the law of the case must be given to the jury to the extent of covering the substantial issues made by the evidence, whether requested or not, or whether the attention of the court be called thereto or not" (*Central R.* v. *Harris,* 76 *Ga.* 500 (1 *b*), 511), where comparative negligence or diminution of damages becomes an issue by being specifically raised in the pleadings, and under any phase of the evidence, it is reversible error not to charge thereon, even in the absence of a request. Since the term "contributory" negligence has been construed by the courts as synonymous with what is perhaps more accurately termed "comparative negligence" or the rule of diminution of damages, where the plaintiff's negligence is not such as to wholly bar a recovery (*Savannah Elec. Co.* v. *Crawford,* supra), and since the plea of the defendant in the instant case expressly sets forth the defense of "contributory" negligence, although in a somewhat meager way, the law upon the issue thus raised by the plea and involved under the evidence should have been charged.

*Judgment reversed. Stephens and Bell, JJ., concur.*