### 15855.  OLLIFF *v.* HOWARD.

The measure of damages for injury to an automobile by a collision stated. Under the evidence as to the nature of the injuries to the plaintiff's truck, the parts necessarily replaced, the labor required in repairing, the reasonable cost of the labor, and the market value of the parts replaced, the amount of the verdict was authorized. Recovery of the market value of parts replaced was not prevented by the fact that the plaintiff obtained some of them for a lower price.

Emergencies may arise in which failure to observe the ordinary rule requiring the driver of an automobile meeting another to turn to the right is not negligence; but ordinarily the questions as to whether such an emergency existed, and as to the relative diligence or negligence of the parties, and as to what negligence, if any, was the proximate cause of injury from a collision in such a case are for the jury alone to determine. There was no material error in the charge of the court on this subject.

An expression or intimation of opinion that the defendant was negligent can not, in view of other parts of the charge of the court, be held to have been made in giving in charge language taken from section 4426 of the Civil Code, which provides that "if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover; but in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained."

DECIDED APRIL 18, 1925.

Complaint; from city court of Statesboro—Judge Proctor. July 10, 1924.

*Lanier & Lanier,* for plaintiff in error.

*Deal & Renfroe,* contra.

JENKINS, P. J.  1.  In an action to recover damages for injuries to an automobile resulting from a collision, the measure of damages is "the difference between the value of the property before the damage and afterwards" (*Douglas* v. *Prescott,* 31 *Ga. App.* 684 (1) (121 S. E. 689)) ; but in a case where the owner has undertaken to make proper and necessary repairs, in establishing such damage he may include such proper and necessary expenses, provided such items are the direct and proximate result of the collision and represent the reasonable value of such necessary material and labor, and provided the aggregate of these amounts, together with hire on the machine while rendered incapable of being used, and the value of any additional permanent impairment, does not exceed the value of the machine before the injury with interest thereon.  Civil Code (1910), § 4505; *Savannah Electric Co.* v. *Crawford,* 130 *Ga.* 421 (2) (60 S. E. 1056) ; *Telfair County* v. *Webb,* 119 *Ga.* 916 (47 S. E. 218) ; *So. Ry. Co.* v. *Stearns,* 8 *Ga. App.* 111, 112 (68 S. E. 623) ; 17 C. J. 877 (§ 183 and notes). In a case in which the rule of comparative negligence or diminution of damages may be applicable under the issues raised, the amount found under the rule stated may be reduced accordingly as the jury may apply such rule of diminution.  Proof of value may be made by the testimony of experts, or by other testimony as to the nature of the injuries sustained and as to the material and labor supplied; and testimony of the actual cost is admissible as a circumstance to be considered by the jury in determining such value, under their right to weigh all the facts and circumstances bearing upon that question and to form their own judgment on the data in evidence, without being absolutely bound by the opinion of witnesses.  *Lamon* v. *Perry,* 33 *Ga. App.* 248 (125 S. E. 907), and cases cited; *So. Ry. Co.* v. *Williams,* 113 *Ga.* 335 (1) (38 S. E. 744).  In the instant action for damages on account of injuries to the plaintiff's automobile truck, sustained in a collision with the defendant's truck, there being evidence as to the nature of the injuries, the parts necessarily replaced, the labor required therefor, the wholesale as well as retail market value of the parts, and the reasonable cost of the labor, it can not be held that the verdict for the plaintiff in an amount less than that claimed was

unauthorized by the evidence, merely because under the testimony of the plaintiff himself he had obtained some of the parts in an advantageous trade with another for a price considerably below the regular wholesale or retail prices.

2. Under the undisputed evidence, it appears that prior to the collision the plaintiff's truck was moving forward on the right-hand side of the road, while the defendant's truck, coming from the opposite direction, was moving on the same (the defendant's left) side. The evidence was conflicting as to what happened just preceding the collision, as to whether the defendant was negligent in remaining too long on the left side of the road before turning to his right, as to whether the plaintiff's driver was justified under the circumstances surrounding the alleged emergency in turning to his left about the same time the defendant turned to his own right, and as to what was the proximate cause of the injury sustained in the ensuing crash. The court charged as follows: "If you find, from the evidence in this case, that [plaintiff's] truck was being driven to the right of the road, and [defendant] was on the same side of the road, being to [defendant's] left, and there was imminent danger of the trucks colliding, and cause injury to property or to person, that in endeavoring to avoid that injury, that the plaintiff's truck or the driver of that truck turned to his left in attempting to avoid an injury, and that in so doing that he was exercising reasonable care and prudence, and such as a man naturally would use in endeavoring to avoid injury, and you find that that was the proximate cause of the injury in this case, the plaintiff in this case would be entitled to recover." The ground of the exception to this excerpt from the charge is that "it instructed the jury that the plaintiff would be entitled to recover if the injury was caused by the driver of plaintiff's truck turning to his left, it being the contention of defendant that turning to the left by plaintiff's truck was the cause of the collision, and that if plaintiff's truck had remained to the right of the road there would have been no collision." Immediately following the language quoted the court charged: "On the other hand, if you find that that is not the truth of the case, but that there was no necessity for him to turn to his left, in attempting to avoid a collision with consequent injury, in that case he would not be entitled to recover." And immediately following this: "I charge

you further, in this case, if you find that [defendant], even though he was driving on the left side of the road, if he had ample space in which to turn to the right, and did turn to the right in time, and the other party could have kept to the right and avoided a collision, in that case the plaintiff in this case would not be entitled to recover. Each party, in traveling the public road, is required to use all ordinary and reasonable care and diligence in order to prevent a collision or injury to other parties who may be traveling the same road." The court then proceeded to define ordinary care.

Emergencies may arise in which the failure to observe the ordinary rule requiring a person in meeting another to turn to the right may not be accounted want of ordinary care, or contributory negligence; but ordinarily the questions as to whether such an emergency existed, and as to the relative diligence or negligence of the parties, and as to what negligence, if any, was the proximate cause of the injury, are for the jury alone to determine. *Davies* v. *West Lumber Co.*, 32 *Ga. App.* 460, 464 (123 S. E. 757); *Pacetti* v. *Cen. Ry. Co.*, 6 *Ga. App.* 97 (2) (64 S. E. 302); *Athens Ry. Co.* v. *McKinney*, 16 *Ga. App.* 741, 744 (86 S. E. 83). While a part of the language excepted to might possibly be taken as technically inaccurate in charging in effect that, even though the plaintiff's turning to his left "was the proximate cause of the injury in this case," the plaintiff "would be entitled to recover," if "in so doing he was exercising reasonable care and prudence" to avoid the collision, still the court preceded this with an instruction in effect that the jury should first find that the emergency and "imminent danger of the trucks colliding" was caused by the defendant's truck being at the time on the wrong side of the road, and then immediately in the same connection made clear that each party must have exercised ordinary care, and as to the relative duties of the parties. The instruction criticized, therefore, can not reasonably be taken as misleading or harmful to the rights of the defendant.

3. Immediately following the portions of the charge referred to above, the court in language taken from section 4426 of the Civil Code, as follows: "I charge you further in this case that if the plaintiff could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover; but

in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." Exception is taken to this portion of the charge, on the ground that it amounted to an expression of opinion that the defendant was negligent.

In order "to ascertain whether a particular part of a charge, excepted to as expressing an opinion on the facts, is fairly liable to such exception, the whole charge, written and in the record, may be considered." *Nutzel* v. *State,* 60 *Ga.* 265 (2) ; *Everett* v. *State,* 62 *Ga.* 65 (5) ; *Hanney* v. *State,* 68 *Ga.* 615 (4) ; *Moon* v. *State,* 68 *Ga.* 687, 697 (7) ; *Bowman* v. *Owens,* 133 *Ga.* 49, 55 (7) (65 S. E. 156). In the instant case it was proper that the principle of law set forth in the code section read should be given in charge (*So. Cotton Oil Co.* v. *Caleb,* 143 *Ga.* 585 (1), 85 S. E. 707; *Cen. of Ga. Ry. Co.* v. *Hill,* 21 *Ga. App.* 231 (2), 94 S. E. 50) ; and while it would have been better to qualify the language in accordance with the instruction already plainly given and reiterated, we do not think that, after having so plainly stated that one of the real controlling issues of fact to be determined by the jury was whether or not the alleged acts and conduct of the defendant amounted to negligence, the giving, for the benefit of the defendant, of this other and additional principle of law in the language of the statute could reasonably be taken as prejudging the issue of fact which had already been fully and fairly submitted to the jury. *Payne* v. *Allen,* supra. "No proposition of law can be laid down without some implication of a state of facts as by possibility existing." "To declare the law applicable to a given state of facts is no expression or intimation of opinion as to whether any of the facts referred to do or do not exist." *Yarborough* v. *State,* 86 *Ga.* 396 (2), 398 (12 S. E. 650). It is only "when the charge of the court assumes certain things as facts, and is in such shape as to intimate to the jury what the judge believes the evidence to be," that the rule of the statute is infringed. *Whitley* v. *State,* 38 *Ga.* 50 (4). See also *Holland* v. *Bell,* 148 *Ga.* 277 (4 *a*), 281 (96 S. E. 419) ; *Harris* v. *Vallee,* 29 *Ga. App.* 769 (10) (116 S. E. 642). *Judgment affirmed. Stephens and Bell, JJ., concur.*