### 16511. O'DONNELLY *v.* STAPLER.

BELL, J. 1. There is no statute in this State requiring the operator of a motor-vehicle to sound a horn or give any other warning on approaching the intersection of public streets or highways, unless such intersection is a "dangerous place upon such street or highway." See section 3 of the act of August 15, 1921, regulating the use of motor-vehicles. Ga. L. 1921, p. 255; Park's Ann. Code, § 828 (uu-8). In the absence of anything further to show that the intersection was a dangerous place upon either of the streets, an allegation that the defendant, while operating his automobile on Peachtree street, "failed to sound his horn or to give any warning whatever on approaching the intersection of Peachtree street and North Avenue, one of the most frequented crossings in the City of Atlanta," did not amount to a charge that the defendant was negligent in the violation of a statute, although it sufficiently specified, in connection with other parts of the petition, that the defendant was negligent in the violation of his duty to exercise ordinary care to avoid injury to the plaintiff's automobile as it was turning from one of the streets into the other at such intersection.

2. This being an action for damage alleged to have been caused to the plaintiff's automobile by a collision between it and the automobile of the defendant at such intersection, and the petition having alleged that the defendant was negligent in operating his automobile in violation of the city's speed ordinance and in violation of the provisions of the

State law as to a person driving an automobile while under the influence of intoxicating liquor, the petition as to these matters charging negligence per se, and the petition having further alleged that the defendant was negligent in failing to give warning of his approach to the intersection of the two streets, as set forth in the preceding paragraph, and there being evidence in support of each of the allegations, the court erred in instructing the jury, in effect, that the plaintiff could not recover unless the jury should find that the defendant was operating his automobile either in violation of the city ordinance or in violation of the State law with reference to the use of automobiles upon public streets and highways. The excerpts from the charge of the court complained of in grounds 4 and 5 of the plaintiff's motion for a new trial improperly excluded the plaintiff's contention that the defendant was negligent in failing to give any signal or warning on approaching the intersection of the two streets. See *Purvis* v. *Atlanta N. Ry. Co.*, 136 *Ga.* 852 (1) (72 S. E. 393).

3. The occurrence was in the nighttime; and, while the driver of the plaintiff's automobile testified that he sighted the dim lights of the defendant's automobile at a distance otherwise shown to have been about a "block and a half" away, it was inferable from the evidence that he did not know of the rapid speed at which it was approaching, and that, acting on the justifiable belief that he had ample time to clear the intersection with the plaintiff's car before the defendant's vehicle arrived there, he made no further observation of the defendant's vehicle, and had no other warning of its approach until the collision. In these circumstances it can not be said that the plaintiff's agent had such knowledge of the approach of the defendant's automobile as to make it immaterial that the defendant failed to sound a warning of his approach to the intersection. The facts of this case differentiate it from such cases as *Central &c. Ry. Co.* v. *McKey*, 13 *Ga. App.* 477 (3) (79 S. E. 378).

4. The defendant having denied all the allegations of negligence set forth in the petition, and having alleged that the collision was caused by the negligence of the plaintiff's agent in operating the plaintiff's automobile, and having sought, in a counterclaim, to recover of the plaintiff for alleged damage to his own automobile, the court erred in refusing the plaintiff's request, duly made, to charge the jury as follows: "If you believe that the defendant was negligent and that this negligence caused the damage, then the plaintiff would be entitled to recover whatever he has proved he suffered, and the defendant would not be entitled to any set-off whatsoever, and your verdict would be for the plaintiff for whatever amount you find he suffered."

5. "In an action to recover damages for injuries to an automobile resulting from a collision, the measure of damages is the difference between the value of the property before the damage and afterwards" (*Douglas* v. *Prescott*, 31 *Ga. App.* 684 (1), 121 S. E. 689) ; but where the owner has undertaken to make proper and necessary repairs, in establishing such damage, he may include such proper and necessary expenses, provided such items are the direct and proximate result of the collision and represent the reasonable value of such necessary material and labor, and provided the aggregate of these amounts, together with hire on the

machine while rendered incapable of being used, and the value of any additional permanent impairment, does not exceed the value of the machine before the injury with interest thereon. In the absence of a request for more specific instruction, a charge in general terms that the measure of damages is "the difference between the value of the property before the damage and afterwards" would ordinarily be sufficient; but since, as in the instant case, the plaintiff alleged the several elements of his damage, and the amounts thereof, in accordance with the ruling quoted above, and these allegations were supported by the evidence, it was error to fail to instruct the jury upon the contentions of the plaintiff as made. But since the jury found against the plaintiff altogether, this error by itself would not have afforded ground for a new trial. *Colt Co.* v. *Wheeler,* 31 *Ga. App.* 427 (3); *Sarman* v. *Seaboard Air-Line Ry. Co.,* 33 *Ga. App.* 315 (5) (125 S. E. 891).

6. In view of the rulings made above it is unnecessary to pass upon the contention made by the plaintiff in his motion for a new trial, that the evidence demanded a verdict in his favor. The court erred in overruling the motion.

    *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

        Decided November 18, 1925.

Action for damages; from Baldwin superior court—Judge Park. April 15, 1925.

*King, Spalding, MacDougald & Sibley, Sibley & Sibley,* for plaintiff.

*Allen & Pottle, Bryan & Middlebrooks,* for defendant.