18170. SAVANNAH ELECTRIC & POWER CO. v. HINES.

STEPHENS, J. 1. This being a suit to recover for damage to the plaintiff's automobile, alleged to have been caused by a collision between it and the defendant's street-car, although the verdict found for the plaintiff was less than the sum representing the cost of repairs placed upon the automobile after the collision, and was within the legal measure of damages represented by the difference between the value of the automobile before and after it was damaged (*Douglas* v. *Prescott*, 31 *Ga. App.* 684, 121 S. E. 689; *O'Donnelly* v. *Stapler*, 34 *Ga. App.* 637 (5), 131 S. E. 91), since there was submitted to the jury as a contention of the plaintiff the right of the plaintiff to recover as an item of damage a sum representing the lost services of the automobile during the period of its being repaired, it can not be held that there was not incorporated in the verdict a sum representing this element of damage. Although there may have been no evidence introduced from which the jury could infer the amount of damage to the plaintiff by reason of the plaintiff's being deprived of the use of the automobile for any period of time as a result of the accident, the jury might, since the plaintiff's right to recover for this element of damage was submitted in the charge, have made an estimate thereof and incorporated it in the verdict found for the plaintiff. A charge of the court submitting this contention of the plaintiff to the jury was not authorized by the evidence and was therefore prejudicial to the defendant. The submission of this contention necessitates the grant of a new trial.

2. In such a suit, where the defendant files a denial of an entire paragraph in the plaintiff's petition, the denial operates to deny all the allegations in the paragraph, and, in so far as they are allegations essential to the plaintiff's right to recover, the plaintiff is put on proof thereof. Although certain of the allegations thus denied, such as the topography and plan of the city streets surrounding the place of the accident, the fact of the accident, and other allegations in the petition, may have been conclusively established by the evidence, the defendant can not complain that the court, in submitting the defendant's contentions to the jury, narrated all the allegations thus denied by the defendant's answer, and stated that each and every one of such allegations in the plaintiff's petition was denied by the defendant, and that the court, in so doing, unduly stressed the defendant's contention and held the defendant up to the jury as having made a frivolous defense on admitted facts.

3. It appearing that the other transactions alleged as error are not likely to occur upon another trial, it is not necessary to pass upon the remaining assignments of error.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1928.

Damages; from Chatham superior court—Judge Meldrim. April 16, 1927.

Appeal and Error, 4 C. J. p. 650, n. 37; p. 1024, n. 55.
Damages, 17 C. J. p. 1066, n. 17.
Pleading, 31 Cyc. p. 198, n. 87.
Trial, 38 Cyc. p. 1611, n. 5 New.

*Lawrence & Abrahams,* for plaintiff in error.
*Oliver & Oliver, John Z. Ryan,* contra.