25688.   HALE *v.* EBERHARDT *et al.*

DECIDED OCTOBER 19, 1936.

*J. B. G. Logan, Early C. Stark,* for plaintiff.
*G. P. Martin,* for defendants.

396

JENKINS, P. J. ■ "Upon the dissolution of a corporation, for any cause, all of the property and assets of every description belonging to the corporation shall constitute a fund—first, for the payment of its debts, and then for equal distribution among its members. To this end the superior court of the county where such corporation was located shall have power to appoint a receiver, under proper restrictions, properly to administer such assets under its direction." Code, § 22-1208. The property of a corporation, upon its dissolution, becomes vested in its members and stockholders. The legal title to the property passes to them as tenants in common, or partners, subject to corporate liability. 8 Thompson on Corporations (3d ed.), 725, § 6541. Especially is this true where, as in this case, more than ten years elapsed after the expiration of the corporate charter, and it does not appear that any receiver was ever appointed, or that any corporate debt existed at the time of the dissolution or remained as a legal liability after the subsequent long lapse of time. The instant plaintiff, owning 114 of the 300 or less total shares of the stock, held as a tenant in common a proportionate ownership in the corporate assets.

■ "One tenant [in common] is as much entitled to the possession [of personalty] as the other. The possession of one is, in law, the possession of both. . . An exception to this rule, is where there is a destruction or loss of the common property by one of the tenants. . . Another exception is found in the case of *a sale* of the whole property by one tenant. Tenants in common having equal right of possession, and an undivided property, one has no right to dispose of the property and transfer the possession, to the injury of the other . . and it would seem too, that, for the like reason, any user of the joint property, which amounts to a disclaimer of the title of the cotenant, or which is inconsistent with his right of property, ought to constitute an additional exception." *Hall* v. *Page*, 4 *Ga.* 428, 435 (48 Am. D. 235); *Starnes* v. *Quin*, 6 *Ga.* 84, 87; *King* v. *Neel*, 98 *Ga.* 438, 441 (25 S. E. 513, 58 Am. St. R. 311); *Hale* v. *Hale*, 28 *Ga. App.* 509 (111 S. E. 740). In the instant action for malicious arrest and false imprisonment of the plaintiff, against his will, by an arresting officer of a town, there was testimony for the plaintiff, that, after certain stockholders of a dissolved corporation had

caused metal roofing on its building to be removed for the purpose of a sale to pay State and county taxes which accrued against the property after the dissolution of the corporation, the plaintiff, also holding shares of stock in the amount above stated, attempted to load this roofing in wagons and remove it to his home for the purpose, as he then stated to one or more of the defendant co-stockholders, of keeping it at his home until "they have a stockholders' meeting to see what is done;" and that the defendants forcibly prevented the plaintiff from removing the roofing, and arrested or caused him to be arrested and detained because of such attempted removal. There was nothing to show that the plaintiff, by these open and public actions in taking the roofing into his possession for the lawful purpose claimed, was attempting, or purposed, to sell, convert to his own use, or otherwise exclude the other stockholders from their ownership and equal rights in the property, or was committing any criminal offense. Any breach of the peace, according to the plaintiff's evidence, was caused by the forcible acts of the defendants. Although the petition stated that the plaintiff was the only owner of the property, and the proof showed that he was merely a tenant in common with the defendants, this evidence was admitted without objection. The jury being thus authorized to find that the detention of the plaintiff constituted an illegal arrest and false imprisonment under the statutes, it was error to direct a verdict for the defendants and to refuse a new trial on this special ground, under the theory, as stated in the final judgment, that, "while the charter had expired, those who were left in charge of the . . mill were selling some of the assets to pay taxes that had accumulated against the property;" that "when the plaintiff brought his wagon and hauled the tin off, [he] had no lawful right to take the property of the corporation, even if its charter had expired, and carry it away;" that "the plaintiff only owned 118 shares, and there were 300 shares according to the officers left in charge of the property;" that "the marshal did not need a warrant to arrest and detain the plaintiff when his wrongful act was being committed in the presence of the officers;" and that "there was probable cause for defendants' arresting and detaining the plaintiff while in the act of moving away the property."

*Judgment reversed. Stephens and Sutton, JJ., concur.*