## 31305. YEAGER *v*. WEEKS.

DECIDED JULY 10, 1946.

*Charles W. Anderson,* for plaintiff.

*Frank A. Bowers,* for defendant.

SUTTON, P. J. (After stating the foregoing facts.) ■ While, as a general rule, one joint tenant can not maintain trover against a cotenant, for the reason that the possession of one is the possession of both, yet he may do so when, as in this case, the tenant in possession sets up an adverse claim to the whole property to the exclusion of the cotenant. Code, § 85-1005; *Roddy* v. *Cox,* 29 *Ga.* 298, 309 (74 Am. D. 64). Also see *Hall* v. *Page,* 4 *Ga.* 428 (48 Am. D. 235), and citations; *King* v. *Neel,* 98 *Ga.* 438 (25 S. E. 513, 58 Am. St. R. 311); *Hale* v. *Eberhardt,* 54 *Ga. App.* 395 (188 S. E. 53); *Jett* v. *Securities Investment Co.,* 68 *Ga. App.* 454, 459 (23 S. E. 2d, 265). In the present case, the defendant alleged. in her answer that the automobile belonged to. her, and that the plaintiff did not have or own any interest therein or have the right of possession thereto. The pleadings brought this case within the exception to the general rule, as above set out, and answers the contention of the defendant in error that the plaintiff was not authorized to maintain the present action.

■ While a nonsuit shall be granted if, "admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover" (Code, § 110-310), however, a motion to nonsuit is in the nature of a general demurrer to the evidence, and will never be granted when there is any evidence tending to sustain the plaintiff's action, or where the jury can fairly infer from the evidence a state of facts favorable to the plaintiff. *Hawkins* v. *National Surety Corp.,* 63 *Ga. App.* 367 (11 S. E. 2d, 250), and citations; *Stenger* v. *Mitchell,* 70 *Ga. App.* 563, 565 (28 S. E. 2d, 885). On a motion for a nonsuit, the evidence should be construed in its most favorable light for the plaintiff. The jury was authorized to find in this case that the plaintiff and the defendant had purchased the automobile only three months before the defendant

converted it to her own use, to the exclusion of the plaintiff. Taking into consideration the cost of the automobile, the length of time and manner in which it was maintained and used by the parties, the condition it was in at the time it was converted by the defendant, and the portion of the purchase-price paid by the plaintiff, all of which appeared from the evidence in this case, we think that the jury would have been authorized to find in favor of the plaintiff for the value of her interest in the automobile. In this connection, see *Atlanta Baggage & Cab Co.* v. *Mizo,* 4 *Ga. App.* 407 (61 S. E. 844), and citations; *Nashville, C. & St. L. Ry.* v. *Bass,* 32 *Ga. App.* 457 (123 S. E. 729).

■ It follows, therefore, that the trial judge erred in awarding a nonsuit, and that the judge of the superior court erred in overruling the plaintiff's petition for certiorari.

*Judgment reversed. Felton and Parker, JJ., concur.*