33208. PADGETT, for use, etc. *v.* WILLIAMS.

Decided October 19, 1950.

*I. A. Blanch,* for plaintiff.

*Lindsay & Bell,* for defendant.

SUTTON, C.J. L. W. Padgett filed this suit against A. H. Williams in the Civil Court of Fulton County and alleged, substantially, that the defendant had damaged the personal property of the plaintiff, a certain described Plymouth automobile, in the sum prayed for in the petition; that said automobile was parked in front of the plaintiff's home at 877 Boulevard, N. E., Atlanta, on the night of May 9, 1949, and at about 9:30 that night the defendant drove his described Buick automobile at a reckless and high rate of speed into and struck the plaintiff's automobile and damaged it in the manner alleged; that the defendant was operating his automobile while intoxicated when he struck and damaged the plaintiff's automobile; that the, plaintiff's automobile was damaged to such an extent as to require certain repairs, the cost of the material and labor for making these repairs being $299.09, an itemized statement being set out in the petition; that the plaintiff's automobile prior to said damage was reasonably worth $875, and after said damage and repairs was reasonably worth only $725, and that the petitioner was damaged in the sum of $150 in depreciation of the value of said automobile; that the plaintiff's operations as a real-estate salesman require the use of his automobile in the course of his business and that on account of the alleged damage to his car he was deprived of the use of the same for eight days, the value thereof being $7 per day or $56 for the eight days that he was out of the use of his car; that the defendant was negligent in running into and damaging the plaintiff's automobile in several particulars as alleged in the petition. Judgment was prayed against the defendant in the sum of $505.09. The defendant filed his answer in which he denied that he was liable to the plaintiff in any amount.

The case was tried before the judge without the intervention of a jury. The plaintiff's testimony and the other evidence in his behalf tended to prove and substantiate his case as laid in his petition. At the conclusion of the testimony for the plaintiff the trial judge, on motion of counsel for defendant, granted a nonsuit. It appears from the record and statements of counsel in their briefs that the trial judge granted the nonsuit on the

ground that it was necessary for the plaintiff to allege and prove the value of his automobile before and after the collision as the measure of damages, and that based on this rule the plaintiff had neither pleaded nor proved damages entitling him to recover.

■ "In an action to recover damages for injuries to an automobile from a collision, the measure of damages is 'the difference between the value of the property before the damage and afterwards' (*Douglas* v. *Prescott,* 31 *Ga. App.* 684 (1), 121 S. E. 689), but in a case where the owner has undertaken to make proper and necessary repairs, he may, in establishing such damage, include such proper and necessary expenses, provided such items are the direct and proximate result of the collision, and represent the reasonable value of such necessary material and labor, and provided the aggregate of these amounts, together with hire on the machine while rendered incapable of being used, and the value of any additional permanent impairment, does not exceed the value of the machine before the injury with interest thereon. [Citing]." *Lamon* v. *Perry,* 33 *Ga. App.* 248 (1) (125 S. E. 907). This ruling was quoted and followed in *O'Donnelly* v. *Stapler,* 34 *Ga. App.* 637 (5) (131 S. E. 91), and the following additional ruling in this respect was there made: "In the absence of a request for more specific instruction, a charge in general terms that the measure of damages is 'the difference between the value of the property before the damage and afterwards' would ordinarily be sufficient; but since, as in the instant case, the plaintiff alleged the several elements of his damage, and the amounts thereof, in accordance with the ruling quoted above, and these allegations were supported by the evidence, it was error to fail to instruct the jury upon the contentions of the plaintiff as made."

The nonsuit in this case was granted on the ground that the plaintiff failed to allege and prove the correct measure of damage to his automobile, the difference between the value of the car before and after it was damaged, so as to entitle him to recover. The plaintiff alleged and proved that the value of his automobile before the damage was $875, that the reasonable and necessary cost expended by him for having the car repaired was $299.09, that the value of his car after it was repaired was $725, and

that the depreciation in the value of his car before the damage and after it was repaired was $150. He also sued for $56 for the loss of the use of his automobile while it was being repaired, but there is some question as to whether he properly proved this last item. In the *Lamon* case, supra, the original record on file here shows that the plaintiff sued for damage to her automobile by alleging the cost of repairs to be $854.47, as shown by an itemized list of the material and labor used in making the repairs. No value of the automobile before or after the injury was alleged or proved. In the *O'Donnelly* case, supra, the original record on file here shows that the plaintiff sued for damages by alleging the cost of repairs to his automobile, $930, depreciation in value in addition thereto, $1000, and loss of use of the automobile for three months, $300, and he alleged that the value of the automobile before it was damaged was $7550. The allegations of the damage and the items sued for in that case are identical to those in the present case, except in the amounts. In each of said cases, the evidence submitted by the plaintiff tended to support the allegations of damages as laid in the petition. As will be observed, both of these decisions quoted the rule as to the measure of damages in this kind of an action, as stated in *Douglas* v. *Prescott*, 31 *Ga. App.* 684 (1) (121 S. E. 689), but with the qualification as stated in said decisions. An examination of the original record in the *Douglas* case shows that the value of the automobile before and after the damage was alleged and proved, and the point there ruled was that the plaintiff, after recovering a verdict in a certain amount, could not complain that the court erred in charging the jury that the measure of damages is the difference between the value of the property before and after the damage, and in not charging that the value of the repairs necessitated by the damage was the true damage. Applying the rulings made in the *Lamon* and *O'Don-nelly* cases to the facts of the present case, the reasonable and necessary cost for having the automobile repaired, and the depreciation in the value of the automobile, before it was damaged and after it was repaired, were items that could be recovered in this suit for damage to the plaintiff's automobile. Also, the loss of the use of the automobile while being repaired would be such an item, if properly established. Also, see *Southern*

*Ry. Co.* v. *Stearns,* 8 *Ga. App.* 111 (68 S. E. 623); *Telfair County* v. *Webb,* 119 *Ga.* 916(2) (47 S. E. 218); *Ga. Ry. & Electric Co.* v. *Tompkins,* 138 *Ga.* 596 (8) (75 S. E. 664); 17 C. J., Damages, §§ 183, 184, p. 878; 25 C. J. S., Damages, § 83, p. 599 et seq.

■ It is error to grant a nonsuit where the evidence would authorize a recovery for the plaintiff for any amount; and in passing on the question of whether or not the court properly granted a nonsuit, the evidence must be taken most strongly in favor of the plaintiff. *Pendleton Bros.* v. *Atlantic Lumber Co.,* 3 *Ga. App.* 714 (1) (60 S. E. 377); *Yeager* v. *Weeks,* 74 *Ga. App.* 84 (2) (39 S. E. 2d, 84); *Jackson* v. *Thompson,* 77 *Ga. App.* 367, 370 (48 S. E. 2d, 903); *Hamilton* v. *Cooper,* 149 *Ga.* 669 (101 S. E. 909); Code, § 110-310. A motion to nonsuit is in the nature of a general demurrer to the evidence and does not go to any defect in the pleadings, the only question being whether the evidence proves the case as laid. *Kelly* v. *Strouse,* 116 *Ga.* 872(4) (43 S. E. 280); *Reeves* v. *Jackson,* 113 *Ga.* 182 (1, 2) (38 S. E. 314); *Yeager* v. *Weeks* and *Jackson* v. *Thompson,* supra. Under the evidence in this case it was error to grant a nonsuit.

■ It was not error for the trial judge to refuse to permit the plaintiff to show that the defendant was adjudged guilty in the traffic court of the City of Atlanta of the offense of driving his automobile while intoxicated at the time and place he ran into and damaged the plaintiff's automobile. See *Pollard* v. *Harbin,* 56 *Ga. App.* 172, 174 (192 S. E. 234); *Cottingham* v. *Weeks,* 54 *Ga.* 275; *Tumlin* v. *Parrott,* 82 *Ga.* 732 (2) (9 S. E. 718); *Seaboard Air-Line Ry.* v. *O'Quin,* 124 *Ga.* 357 (52 S. E. 427); *Powell* v. *Wiley,* 125 *Ga.* 823 (54 S. E. 732). This seems to be the correct rule in respect to the evidence that was rejected, instead of the ruling made in *Hardeman* v. *Ga. Power Co.,* 42 *Ga. App.* 435 (156 S. E. 642), and *Douglas* v. *Central of Ga. Ry. Co.,* 48 *Ga. App.* 427 (172 S. E. 828). "The rule supported by the great weight of authority is to the effect that a judgment of conviction or acquittal rendered in a criminal prosecution cannot be given in evidence in a purely civil action, to establish the truth of the facts on which it was rendered." 31 A.L.R. 261, 262. Also, see 57 A.L.R. 504; 80 A.L.R. 1145; 130 A.L.R.
■

514

690; 30 Am. Jur., Judgments, § 289 et seq., p. 1002; 20 Am. Jur., Evidence, § 1011, p. 854; 34 C. J., Judgments, § 1387, p. 970; 50 C. J. S., Judgments, § 754, p. 269.

Judgment reversed. *Felton* and *Worrill, JJ.,* concur.