36556. CAMP *v.* MAPP.

DECIDED FEBRUARY 28, 1957.

*Robert T. Efurd, Ben S. Atkins,* for plaintiff in error.
*George H. Kasper, Jr.,* contra.

NICHOLS, J. The only questions presented by the argument of the defendant in support of the motion for new trial as amended are that the evidence did not support the amount of the judgment for the plaintiff, and that the trial court erred in overruling the defendant's objection to a statement made by the plaintiff to the effect that he would have gotten three or four hundred dollars more for the automobile on *trade-in* if it had not been in the condition it was in. This statement was elicited from the plaintiff in response to a question by the defendant's counsel as to what he had received for the automobile on *trade-in*. The plaintiff answered the question and then added the above statement. It had been previously shown that the automobile had not been repaired but was traded-in in its wrecked condition.

The contention of the defendant that this evidence, as to what the plaintiff would have received on *trade-in* if the automobile had not been in a wrecked condition, was irrelevant is correct, but inasmuch as it only went to rebut or explain the irrelevant evidence elicited by the movant's counsel it was harmless error for the trial court to admit it. There was only one question presented with reference to the value of the plaintiff's automobile, and that was the difference between the market value of the

automobile before the collision and the market value of the automobile after the collision. In *Brock* v. *Cato*, 75 *Ga. App.* 79, 83 (42 S. E. 2d 174), this court approved the following charge as to what is *market value:* "Market value is the value at what a seller who is willing to sell but not compelled to sell to a buyer who is willing to buy but not compelled to buy." See also, *Mitchell* v. *Mullen*, 45 *Ga. App.* 282 (164 S. E. 276), *Douglas* v. *Prescott*, 31 *Ga. App.* 684 (121 S. E. 689), and *Olliff* v. *Howard*, 33 *Ga. App.* 778 (127 S. E. 821). Therefore, the evidence as to what the plaintiff received on *trade-in* for the wrecked automobile was irrelevant as was the statement as to what the plaintiff would have received for the automobile if it had not been in the wrecked condition. The record discloses that the trial judge who heard the case without the intervention of a jury ruled that the evidence as to what the plaintiff received on *trade-in* did not constitute any evidence as to the market value of the automobile and it necessarily follows that the statement of the plaintiff as to what he would have been allowed if the automobile had not been in its wrecked condition was not considered by the trial judge who heard the case without the intervention of a jury. Moreover, when a case is tried before a judge without the intervention of a jury the rules as to the admission of evidence are less strict. *Ward* v. *State*, 26 *Ga. App.* 61 (105 S. E. 373).

The plaintiff testified that the market value of the automobile was $600 before the collision and $135 afterwards, and since there is no contention that a judgment for the plaintiff was not authorized, the judgment for $300 was supported by the evidence, and it was not error to deny the motion for new trial.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*