## 56756. DAVIS v. SOTOMAYER.

BANKE, Judge.

The appellee filed suit to recover for damages to her automobile which were allegedly caused by the appellant's negligent operation of his automobile. The jury returned a verdict in her favor, and the appellant appeals the denial of his motion for judgment notwithstanding the verdict.

The appellant contends that the trial court erred in denying his motion for judgment notwithstanding the verdict since the appellee's recovery ($978.20) exceeded the difference in market value of the automobile before and after the accident ($700).

The evidence was undisputed that the value of the vehicle before the accident was $4,500 and that its value after the accident was $3,800. The appellee also introduced evidence showing that she had incurred expenses of $290 in renting a replacement vehicle while her car was being repaired.

The appellee's car was in a repairable state after the accident, and thus she could avail herself of one of two alternative measures of damages. See *Globe Motors v. Noonan,* 106 Ga. App. 486 (7) (127 SE2d 320) (1962).

"When the plaintiff seeks recovery for damages to an automobile, he may claim the reasonable value of repairs made necessary by the accident, together with hire on the vehicle while rendered incapable of use, and the value of any permanent impairment, provided the aggregate amount of these items does not exceed the value of the automobile before the injury with interest thereon. *O'Donnelly v. Stapler,* 34 Ga. App. 637, 638 (131 SE 91); *Lamon v. Perry,* 33 Ga. App. 248, 249 (125 SE 907); *Padgett v. Williams,* 82 Ga. App. 509, 512 (61 SE2d 676). We understand the cases just cited to mean that property damages may be proved in accordance with the above stated rule as an alternative to proof establishing the difference in the value of the property before the injury and afterwards, which is also a measure of property damages. *Louisville &c. R. Co. v. Faust,* 30 Ga. App. 310, 311 (117 SE 761)." *Globe Motors v. Noonan,* supra, at p. 490. See also *Leggett v. Brewton,* 104 Ga. App. 580 (2) (122

SE2d 469) (1961).

The appellee introduced no evidence as to the cost of repairs nor did the judge charge on this alternative measure of damages. The appellee's damages were, therefore, limited to the $700 difference in value of the automobile before and after the accident, and she was not entitled to the additional recovery of the rental car payments. The judgment is now reversed and remanded with direction that a verdict be entered for $700.

*Judgment reversed and remanded with direction. Deen, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 4, 1978 — DECIDED FEBRUARY 1, 1979 — REHEARING DENIED MARCH 8, 1979.

*Rachael Henderson, B. T. Edmonds,* for appellant. *Fallin & Kirbo, William M. McIntosh,* for appellee.