63258. STONE et al. v. BURELL.

BANKE, Judge.

The plaintiffs, husband and wife, filed separate suits to recover for personal injuries and loss of consortium resulting from an automobile accident. The defendant counterclaimed for damages to his automobile, and the jury found in his favor, awarding him the full amount which he sought. The plaintiffs appeal. *Held:*

1. The plaintiffs contend that the trial court erroneously precluded the jury from considering comparative negligence by charging them as follows: "If you should determine from the evidence that the plaintiff failed to exercise ordinary care for her own safety and that this failure on her part was the proximate cause of her injuries, she would not recover." Immediately before giving this instruction, the trial court gave a full and correct charge on comparative negligence. In the context of the charge as a whole, and of the jury's evident finding that the defendant was not negligent at all, the language objected to could not have been harmful to the plaintiffs.

2. The plaintiffs contend that the trial court erred in giving the defendant's request to charge No. 8 over the following objection: "THE COURT: You have no objection to eight, right? MR. GRUBBS: We will object to it generally. THE COURT: Because he submitted it, right? MR. GRUBBS: Yes. Object to it generally. I don't agree to anything, your honor."

"To be reviewable the objection must be unmistakable in its purport in directing the attention of the trial court to the claimed error and must be stated with sufficient particularity to leave no doubt as to the portion of the charge challenged or as to what the specific ground of challenge is. The grounds of error urged must fully apprise the court of the error committed and the correction needed to cure the error. We construe the statute [Code Ann. § 70-207 (a)] as placing the duty on counsel of exercising a high degree of clarity in objecting to charges." *Georgia Power Co. v. Maddox,* 113 Ga. App. 642, 646 (149 SE2d 393) (1966). The plaintiffs' objection did not state the specific ground upon which the request to charge was challenged and did not apprise the court of the correction needed to cure the

alleged error. It was accordingly insufficient to provide a basis for appellate review.

3. The award of damages to the defendant for his property loss was supported by the evidence and was not excessive. A banker by profession, the defendant testified that he was familiar with the value of automobiles both as a result of his experience in making auto loans and his experience in buying and selling cars personally. He stated that he had paid about $2,000 for his car when he purchased it new in 1973, that he had driven it for three years prior to the accident, and that it had been in excellent condition. Based on these factors, he estimated the value of the car immediately prior to the collision to have been $1,500. He testified that he paid $677.55 for replacement of the front fender, grill, and bumper after the collision, and that during the 3-day period in which the repairs were being made he paid $15 a day for rental of a replacement vehicle. He estimated that the value of the car after repairs was $1,300, basing this opinion on the trade-in value he received for it when he sold it two months later. The jury awarded him $922.55, or precisely the sum of the repair bill, the rental car bill, and the $200 loss in value. Since this sum did not exceed the value of the vehicle before the collision, it provided a valid basis for an award of damages and was not excessive. See *Davis v. Sotomayer,* 149 Ga. App. 224 (253 SE2d 782) (1979).

We reject the plaintiffs' contention that the evidence provides no basis for a finding that the repairs were necessary and reasonable or that the length of time required for them (and consequently for the rental of the replacement vehicle) was reasonable. The nature of the repairs, the length of time required for them, their cost, and the cost of rental vehicles were all matters about which the jurors could be expected to have had some knowledge based on "everyday experience." Cf. *Yarber v. State,* 144 Ga. App. 781, 782 (242 SE2d 372) (1978). We hold that the defendant's testimony provided ample support for a conclusion that his expenditures were necessary and reasonable.

4. The plaintiffs' final contention is that the trial court erred in charging the jury that they could award damages both for the difference in the market value of the vehicle immediately before and after the collision (prior to repairs) and for the cost of renting a replacement vehicle. While such a charge was held erroneous in *Davis v. Sotomayer,* supra, the plaintiffs did not object to the charge on this ground in the trial court. They are thus precluded from enumerating it as error on appeal. See generally Code Ann. § 70-207 (a), supra. As previously indicated, the evidence was sufficient to support the award of damages based on the sum of the reasonable cost of repairs, the cost of hire while the vehicle was rendered incapable of use, and

the permanent impairment in value after repairs.
*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

*J. Milton Grubbs, Jr., Adele Platt-Grubbs,* for appellants.
*Hansell Smith,* for appellee.